Robert Wayne WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62427.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 24, 1982.

On Rehearing July 6, 1983.

John R. Coe, Houston, for appellant.

Carol S. Vance, Former Dist. Atty., John B. Holmes, Jr., Dist. Atty., James C. Brough, Winston E. Cochran, Jr., and Andy Tobias, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin for the State.

Before ONION, P.J., and ROBERTS and McCORMICK, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, where the punishment

was assessed by the jury at life imprisonment.

We are met at the outset with the contention raised in appellant's pro se brief that the court's charge was fundamentally defective.

The indictment, omitting the formal parts, alleged:

"*While in the course of committing theft* of property owned by Fred H. Cox, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol." (Emphasis supplied.)

The charge to the jury in applying the law to the facts stated:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of June, 1977, in Harris County, Texas, the defendant, Robert Wayne Woods, acting alone or with another person as a party, as defined herein, with intent to deprive Fred H. Cox, the owner, of his property belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Fred H. Cox said property belonging to Fred H. Cox and that the defendant, in so doing, and with intent to obtain or maintain control of said property then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the indictment."

An essential element of the offense of aggravated robbery which must be pled and proven is that the offense was committed "in the course of committing theft." See V.T.C.A., Penal Code, § 29.02 and 29.03; *Williams v. State,* 622 S.W.2d 95 (Tex.Cr. App.1981), and cases there cited.

In applying the law to the facts, it is observed that the court did not track the indictment and use the term "in the course of committing theft," but attempted to set out the component parts of the element, but failed to require the jury to find that appellant took or attempted to take the property without the effective consent of the owner. This is the identical situation as in *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980), where this court wrote:

"In the instant case the terms 'theft' and 'while in the course of committing theft' were properly defined in the definitional portion of the charge. However, the court's charge did not require the jury to find that the robbery occurred while in the course of committing theft as defined in the charge in order to convict; rather, the court attempted to set out the component parts of that element. Nevertheless, as noted above, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent.

"A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective. *Thompson v. State,* Tex.Cr.App., 574 S.W.2d 103; *West v. State,* Tex.Cr.App., 572 S.W.2d 712. We likewise hold that when in applying the law to the facts, a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the instant case did not so require and is fundamentally defective."

In *Williams v. State,* 622 S.W.2d 95 (Tex. Cr.App.1981), this court also wrote:

"The court's charge in the instant case suffers from the same defect as found in *Evans.* Namely, the court did not require the jury to find that the offense occurred 'while in the course of committing theft.' Moreover, in attempting to set out the elements of the offense of theft, the court omitted an essential part of the element when it did not require the jury to find that the appellant took or

attempted to take the property without the owner's effective consent. We conclude that the charge in the instant case is fundamentally defective in that it did not require the jury to find all of the elements of the offense in order to convict." See also *Young v. State,* 621 S.W.2d 779 (Tex.Cr.App.1981); *Rushing v. State,* 621 S.W.2d 606 (Tex.Cr.App. 1981).

For the fundamental error observed, the judgment is reversed.

In light of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we shall consider appellant's challenge to the sufficiency of the evidence to support the conviction for aggravated robbery.

The appellant appears to argue that the evidence is insufficient to show that he used and exhibited a pistol as alleged in the indictment.

On the afternoon of June 13, 1977, Fred H. Cox, Route Manager for the Automatic Sales Company, was in the process of servicing cigarette vending machines in different stores. At a Beef and Bun store he observed two men driving a black Mark V automobile. One of the men got out of the car and went into a liquor store and came out without making a purchase. When he arrived about 5 p.m. at the G & P Lucky 7 store on South Post Oak, he observed the same two men in the black Mark V automobile. He identified the appellant as the driver and one Drewhart Rice as the passenger. Cox went into the G & P Lucky 7 store to service the vending machines. He then returned to his truck and placed the money taken from the machines into the truck's safe. Drewhart Rice approached him and asked for change for a quarter. Cox did not have the change. Rice walked past Cox, turned and shoved a gun into Cox's side and stated, "This is a holdup. Get in the truck." Cox fell to the ground. As he was falling, Rice stated, "This is a gun. Get in the truck or I'll kill you." Rice took Cox's wallet, approximately $532.00, credit cards and a driver's license and ran.

Cox continued to lay on the ground until Houston police officer J.L. Tucker in his police uniform came to him. Tucker was off duty and working as a security officer for the G & P Lucky 7 store. After learning about the black Mark V automobile, Tucker got in his personal car and went in search of the black car. He then observed it going in the opposite direction. The black car passed within three feet from Tucker and he was able to identify the appellant as the driver. Officer Tucker turned and started following the black vehicle which increased its speed. While following, the driver, identified as the appellant, fired three shots at Tucker. Eventually the black vehicle stopped in front of a ditch and both occupants got out and ran across a bridge. Tucker managed to shoot Rice, the passenger, in the hip, causing him to fall. Nearby Tucker found a .38 caliber pistol. The other individual got away. A .22 caliber pistol was found in the black car as well as a driver's license and Brown and Root Company identification card. Both bore appellant's photograph. A water bill in the name of Robert Woods was found in the black car identified by Cox at the scene as the Mark V he had seen earlier. Cox also identified Rice as the man who robbed him.

The 1977 black Mark V was shown to be registered to Robert Woods of Houston. Appellant Woods' common-law wife testified she had the car at her mother's residence on June 13, 1977 and last saw it about 3 or 3:15 p.m. About 5 or 5:30 p.m. she noticed it was missing. Appellant offered alibi testimony. His sister and her husband placed the appellant with them in Corpus Christi on June 13, 1977.

The court charged the jury, inter alia, on the law of parties, criminal responsibility and the law of circumstantial evidence, as well as on the alibi defense.

The evidence must be viewed in the light most favorable to the jury's verdict. The jurors are the judges of the facts and credibility of the witnesses and weight to be given their testimony. They were free to accept or reject the testimony of any witness. *Thomas v. State,* 605 S.W.2d 290

(Tex.Cr.App.1980); *Limuel v. State,* 568 S.W.2d 309 (Tex.Cr.App.1978).

It appears to be appellant's contention that a gun was not used or exhibited because on cross-examination Cox testified he did not see the gun. He earlier testified that Rice shoved a gun into his side, stated it was a holdup and "This is a gun" and threatened to kill Cox if he didn't get in the truck. Later the appellant shot at officer Tucker three times and when apprehended Rice was lying near where a .38 caliber pistol was found. A .22 caliber pistol was found in the black car.

This was a circumstantial evidence case, and under the facts, it was sufficient to show that the robbery was committed by using and exhibiting a pistol. See *Moore v. State,* 531 S.W.2d 140, 142 (Tex.Cr.App. 1976). Evidence that a firearm was used and exhibited by a defendant's companion is sufficient, where, as here, the law of parties is charged. *Stewart v. State,* 532 S.W.2d 349 (Tex.Cr.App.1976).

Appellant's contention is overruled.

For the reason stated earlier, the judgment is reversed and the cause remanded.

McCORMICK, J., dissents.

Before the court en banc.

### ON STATE'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

Upon original submission this cause was reversed for failure of the court's charge, which required that the jury find in appellant's conduct the *elements* of theft rather than that the conduct occurred "in the course of committing theft", to include the requirement that the jury further find a lack of the complainant's effective consent to appellant's appropriation of the complainant's property.

The rule requiring reversal of the cause was set out in *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980), and reiterated in *Williams v. State,* 622 S.W.2d 95 (Tex.Cr. App.1981), and *Hill v. State,* 640 S.W.2d 879 (Tex.Cr.App.1982). The State requests that we consider this rule, and their motion for leave to file motion for rehearing was granted for that purpose.

In his dissenting opinion in *Hill,* supra, Judge Clinton wrote:

"Into the new penal code the Court has imported from the old robbery statutes the proposition that when 'the owner parts with his property because of an assault, fear or violence his consent or want' of consent is irrelevant...,' 5 Branch's Annotated Penal Code (2nd Ed.) § 2592. *Reese v. State* [531 S.W.2d 638 (Tex.Cr.App.1976)], supra, at 641. Furthermore, we are informed by the Practice Commentary following § 29.02 that 'the violence used or threatened must be for the purpose of compelling acquiescence to the theft or of preventing or overcoming resistance to the theft.' Thus, inherent in the statutory requirement that an accused be shown to have intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death is that an owner's lack of consent to a forcible taking of his property is a nonissue in a robbery case. Stated another way, a taking 'without the owner's effective consent' never becomes a disputed fact issue when it is alleged, proven and found that the owner was threatened or placed in fear of imminent bodily injury or death intentionally or knowingly by an accused in the course of the taking.[5]

"For these reasons the charge of the court in the case at bar does not present fundamental error—indeed, it is not defective at all in the particular under examination. Therefore, there is no need to argue whether the charge is to be read as a whole, what makes sense about a jury being able to refer back to one abstract definition but not another or whether to brush the whole dispute aside on grounds that from the record it does not appear that error, if any, deprived appellant of a fair trial or injured his rights.

"*Evans* and its progeny should be overruled, even if 'without the owner's effective consent' is somehow a 'sub-element'

of robbery, because we failed to perceive that requiring a jury to find that appellant 'then and there intentionally and knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death' rendered a factual finding to her lack of effective consent immaterial."

---

"[5] By definition in a theft case consent is not effective if induced by coercion, and coercion means 'a threat, however, communicated, . . .' " 640 S.W.2d 886.

■ We now find this argument persuasive, and adopt Judge Clinton's dissenting opinion in *Hill* as the opinion of the Court in this cause. *Evans, Williams* and *Hill* are overruled, and we hold that, where it is alleged, proven, and found that a defendant intentionally or knowingly placed the owner in fear of imminent bodily injury or death in the course of the taking, a charge is not defective for failing to require that the jury separately find the taking to have been without the effective consent of the owner.

The ground of error is now overruled.

Appellant's further contentions in this cause relate to statements by the court and by a witness which appellant contends are prejudicial and constituted reversible error.

The first of these contentions involves a non-responsive answer by a witness:

"Q. Did you find anything else in the car, please?

"A. Yes, sir. We found a briefcase in the trunk. It contained numerous items of tools, screwdrivers, wrenches.

"MR. TOBIAS: May I have this marked—

"A. In other words, it was a special tool kit that was—a person who was a locksmith or stole vehicles, automobiles, would use.

"MR. PINK: At this time, Your Honor, we'd like to object. That is a conclusion. We feel it's improper and ask the jury to disregard.

1. Appellant was tried jointly for the instant offense and for attempted capital murder of a police officer. The attempt conviction was af-

"THE COURT: Yes. You will not consider that last remark, ladies and gentlemen of the jury, about its potential use.

"MR. PINK: Anyhow for the record we feel the damage has already been done, and we would ask for a mistrial, for the record.

"THE COURT: Overruled."

■ An instruction to disregard improper evidence is generally sufficient to cure error in its admission. *Furtick v. State,* 592 S.W.2d 616 (Tex.Cr.App.1980). We do not find the testimony recited to have been so prejudicial as to have introduced incurable error into the trial.

The ground of error is overruled.

■ Appellant next contends the court erred by commenting on the weight of the evidence during the State's argument to the jury. State's counsel paraphrased an argument made by counsel for appellant, and appellant's counsel objected:

"[Prosecutor]: You should find the person who robbed Mr. Cox not guilty because he didn't see a pistol. He only heard the words of the robber say, 'I've got a gun.'

"MR. PINK: Your Honor, at this time he's misquoting. I said they couldn't find him guilty of aggravated robbery.

"THE COURT: The substance was there. I will overrule."

We note that "the substance was there" appears to refer to appellant's counsel's argument, not to the evidence; we further note that no objection was taken to the court's remark.

The ground of error is overruled.

Appellant contends finally that the court erred in commenting on "deleted counts in one of the indictments,"[1] citing the following colloquy:

"(The following occurred at the bench out of the hearing of the jury:)

firmed in a per curiam opinion, 632 S.W.2d 372 (Tex.Cr.App.1982), on May 12, 1982, and rehearing was denied on June 3, 1982.

**6**

"MR. TOBIAS: As the record will reflect, we did abandon the enhancement count on the aggravated robbery charge.

"THE COURT: Oh, yes.

"(The following occurred within the hearing of the jury:)

"THE COURT: You may present by reading to the jury count number two of the indictment which has a count number two, such count having been deleted from Cause No.—whatever the other cause is.

"MR. TOBIAS: The Court did say I could read this, is that correct?

"THE COURT: No. I think that is deleted.

"MR. TOBIAS: Even though the proof will show that?

"THE COURT: Well, if the proof shows that, that's all well and good, but as far as the indictment is concerned, we have changed that.

"MR. TOBIAS: If the proof is going to show it?

"THE COURT: Proof is something else. If it does, all well and good.

"MR. TOBIAS: Then may I read it?

"MR. PINK: At this time may I respectfully object to this conversation in front of the jury?

"THE COURT: All right.

"MR. TOBIAS: 'In the name and by—'

"THE COURT: Wait a minute, now. Let's see if we are together. Don't read it out of the indictment. His name has been changed—

"MR. TOBIAS: Yes, sir.

"THE COURT: —and we will read it— if you read anything, read it as changed.

"MR. TOBIAS: All right, sir.

"Follow me?

"MR. PINK: Your Honor, may we renew our objection to the comments made?

"THE COURT: All right.

"MR. TOBIAS: May it please the Court.

"THE COURT: Surely."

■ We note that appellant did not obtain a ruling upon his objections; neither was a ground stated for the objections.

The ground upon which appellant now relies, that the remarks of the court indicated knowledge of criminal conduct by appellant which was not before the jury, is presented for the first time upon appeal. Nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Cr.App.1978).

Appellant's contention that the evidence was insufficient to support the verdict was correctly answered by the panel opinion.

The State's motion for rehearing is granted; the judgment is now affirmed.

ODOM, Judge, dissenting.

For the reasons stated in the opinion on original submission, I dissent.

TOM G. DAVIS and TEAGUE, JJ., join this opinion.