**Olga DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–00293–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

Stanley G. Schneider, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before JACK SMITH and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

Appellant was convicted by a jury of murder, enhanced by a prior felony, and the jury assessed punishment at 45 years confinement and a $10,000 fine. She brings three grounds of error on appeal.

In her first ground, appellant alleges error in the assessed punishment which renders the verdict void. Appellant was sentenced under the provisions of Tex. Penal Code Ann. sec. 12.42(c) (Vernon 1981), which does not authorize the assessment of a fine. Where a verdict is not authorized by law, it is void at its inception and must be set aside. *Bogany v. State,* 661 S.W.2d 957 (Tex.Cr.App.1983, not yet reported). Appellant's first ground of error is sustained. Because the jury assessed punishment, we may not remand for a new trial on punishment only. *Williams v. State,* 596 S.W.2d 903 (Tex.Cr.App.1980). We must reverse the sentence and remand the case to the trial court for a complete new trial.

Because appellant's first ground requires reversal and remand, we need not discuss the third ground. However, her second ground addresses the sufficiency of the evidence, and we will address this argument to decide if the case should be reversed and rendered.

In her second ground, appellant argues that one allegation in the indictment is not supported by the evidence. The indictment, in pertinent part, alleges that appellant did:

intentionally and knowingly cause the death of SANTIAGO DIAZ, hereafter styled the Complainant, by striking Complainant in the head *in a manner and means unknown to the Grand Jury* at the present time. (Emphasis added)

The foreman of the grand jury testified that the grand jury had heard "all the evidence it wanted to hear," and that the means of death were unknown. Appellant argues that the State failed to show that the grand jury used due diligence to determine the means of death, and that the evidence was therefore insufficient to support that allegation in the indictment. Appellant did not raise this issue at trial, and no evidence was offered to show that the grand jury acted without diligence in its investigation. Only if the evidence at trial raises an issue as to the grand jury's diligence in trying to determine the means of death does the State have the burden of showing due diligence. *Corbett v. State,* 493 S.W.2d 940 (Tex.Cr.App.1973), *cert. denied,* 414 U.S. 1131, 94 S.Ct. 871, 38 L.Ed.2d 756 (1974).

The evidence adduced at trial showed that the victim, appellant's infant son, died of a crushed skull. Appellant testified that the injuries occurred when the child fell from the kitchen table. A pathologist and a neurologist testified that the injuries were inconsistent with such a fall but were consistent with a forceful blow to the head with an unknown object. No specific explanation of the child's injuries was given by the doctors, there were no witnesses to the injuries, and no alleged murder weapon was produced. It appears from the evidence that the grand jury could not have determined from its investigation the means used to crush the victim's skull. Therefore, no issue was raised as to the grand jury's diligence, since it would not have been able to determine the cause of death from the prosecutor's available circumstantial evidence. The evidence was sufficient to prove that the means of death were unknown to the grand jury. *Huerta v. State,* 635 S.W.2d 847 (Tex.App.—Corpus Christi 1982, pet. ref'd); *Simon v. State,* 488 S.W.2d 439 (Tex.Cr.App.1972). Appellant's second ground of error is denied.

The judgment is reversed and the case is remanded to the trial court for a new trial.