**Samuel James RELEFORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 152–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

James Gregory Glass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This appeal is from a conviction for aggravated robbery. Punishment, enhanced by allegation and proof of a prior felony, was assessed at a life sentence and a $5,000.00 fine.

On appeal, the Houston Court of Appeals [1st Supreme Judicial District] in an unpublished opinion reversed and remanded appellant's conviction holding, inter alia, that the jury charge contained fundamental error. We granted the State's Petition for Discretionary Review to determine the correctness of that portion of the decision below.

■ The indictment charges appellant with the offense of aggravated robbery "while in the course of committing theft." In applying the law to the facts, the court did not track the indictment and use the term "in the course of committing theft" but attempted to set out the component parts of the offense of theft by alleging the elements thereof. However, the charge failed to require the jury to find that appellant took or attempted to take the property without the effective consent of the owner. The Court of Appeals, therefore, held the charge fundamentally defective for failure to set out all the essential elements of theft, to-wit: "without the effective consent of the owner." In support of their holding, the Court of Appeals relied on two earlier opinions by this Court with identical situations. *Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980); *Hill v. State*, 640 S.W.2d 879 (Tex.Cr.App.1982). See also, *Williams v. State*, 622 S.W.2d 95 (Tex.Cr. App.1981).

In *Woods v. State*, 653 S.W.2d 1 (Tex.Cr. App.1982) (Opinion on State's Motion for Rehearing), this Court overruled *Evans*, *Williams* and *Hill*, holding that "... where it is alleged, proven and found that a defendant intentionally or knowingly placed the owner in fear of imminent bodily injury or death in the course of the taking, a charge is not defective for failing to require that the jury separately find the taking to have been without the effective consent of the owner." *Woods v. State*, 653 S.W.2d at 5. The rationale for such a holding is found in Judge Clinton's dissenting opinion in *Hill*, which we adopted in *Woods*, wherein he writes:

"*Evans* and its progeny should be overruled, even if 'without the owner's effective consent' is somehow a 'sub-element' of robbery, because we failed to perceive that requiring a jury to find that appellant 'then and there intentionally and knowingly threatened or placed [complainant] in fear of imminent bodily injury or death' rendered a factual finding to her lack of effective consent immaterial."

We, therefore, sustain the State's contention.

That ruling, though, does not totally dispose of this case. There remains a problem of a jury verdict unauthorized by law.

■ The court's charge at the penalty stage of the trial authorized the jury, if it found appellant had been previously convicted as alleged, to assess punishment "for a term of years not less than fifteen years or more than ninety-nine years or by confinement for life, *and in addition thereto, you may assess a fine not to exceed $10,000.00.*" (Emphasis supplied.)

The verdict accepted by the court assessed life imprisonment in the Department of Corrections and a fine of $5,000.00.

V.T.C.A., Penal Code, § 12.42(c) (Penalties for Repeat and Habitual Felony Offenders), provides:

"(c) If it be shown on trial of a first degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years."

The court's instructions authorizing the imposition of a fine was incorrect as there are no provisions for a fine under § 12.-42(c). The confusion stems from the 1979

amendment to V.T.C.A., Penal Code, § 12.-32 (First-Degree Felony Punishment), which authorizes the imposition of a fine not to exceed $10,000.00. Nevertheless, § 12.42(c) controls over § 12.32, and the punishment assessed exceeds the legal maximum. See *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983).

The State suggests that this Court should reform the sentence instead of reversing and remanding. However, as we opined in *Bogany v. State*, supra, we are without authority on appeal to reform such a judgment and sentence. The error was in accepting a verdict which was not authorized by law, and not a situation where the judgment was contrary to the verdict. In the latter, this Court has authority to reform and correct a judgment to reflect the true finding of the fact finder, but not in the former. See, Article 44.24(b), V.A.C. C.P.; *Milczanowski v. State*, 645 S.W.2d 445 (Tex.Cr.App.1983).

Because there was no authority for the jury to assess a fine, in addition to the time assessed, the verdict is void at the inception. *Villarreal v. State*, 590 S.W.2d 938 (Tex.Cr.App.1979); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Cr.App.1979); *Diaz v. State*, 663 S.W.2d 114, 115 (Tex.App.—Houston [1st Dist.]—1984).

We conclude the Court of Appeals was in error in reversing this cause as to ground of error one. However, because the judgment was void at its inception due to the excessive punishment assessed, we are constrained to reverse the judgment of the trial court and remand the cause to that court, thus in effect affirming the judgment of the Court of Appeals.

McCORMICK, Judge, concurring and dissenting.

Although I agree with the majority as to the disposition of the first ground of error, I must dissent to the reversal for the reasons set forth in my dissenting opinion in *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr. App.1983).

W.C. DAVIS and CAMPBELL, JJ., join in this opinion.