No. 04-98-00313-CR



Antonetti Jesse GALVAN,


Appellant



v.



The STATE of Texas,


Appellee



From County Court at Law No. 6, Harris County, Texas(1)


Trial Court No. 97-48881


Honorable Jim Larkin, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: November 18, 1998


AFFIRMED IN PART, REVERSED AND REMANDED IN PART


 The trial court found Antonetti Galvan guilty of driving while intoxicated (DWI) and
assessed punishment at one year in jail, probated for two years, plus a $500 fine. On appeal,
Galvan complains about the sufficiency of the evidence and the trial court's denial of his
motion to suppress. Because we find no merit in Galvan's complaints, we affirm his
conviction. However, because Galvan's punishment exceeds the legal maximum, we reverse
his sentence and remand the cause for a new punishment hearing.

Background


 Officer Calabro testified he saw a black Suburban and a blue Mercedes Benz drive at
a high rate of speed, spin their wheels, and cross into the oncoming lane of traffic while
making a turn. He followed the vehicles into an apartment complex, where the driver of the
Suburban, Galvan, got into the passenger seat of the Mercedes. At that time, Officer Calabro
thought he was witnessing a narcotics transaction. The Mercedes then left the apartment
complex, but it was stopped two blocks later by the police.

 Officer Calabro said Galvan swayed and smelled of alcohol. Galvan failed the field
sobriety tests, and he was arrested. He refused to provide a breath sample.

 Galvan testified in his own defense, indicating he drank three beers at a nightclub over
a three-hour period. He also ate a steak. He admitted driving a Suburban, but he denied
spinning its wheels.

Motion to Suppress


 In his third point of error, Galvan asserts the trial court erred in denying his motion
to suppress because there was no reason to stop the Mercedes. We disagree.(2)

 To determine the propriety of a temporary detention, the trial court evaluates whether
the detaining officer had specific, articulable facts from which to conclude the person
detained was or would be engaged in criminal activity. See Woods v. State, 956 S.W.2d 33,
39 (Tex. Crim. App. 1997). We review the trial court's decision with the abuse of discretion
standard, affording "almost total deference" to questions of credibility and demeanor.
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 In this case, Officer Calabro testified he saw both the Suburban and the Mercedes
engage in minor traffic violations--speeding and spinning their wheels. These facts were
sufficient to support the temporary detention, without the additional activity that led Officer
Calabro to suspect a drug transaction. See Goodwin v. State, 799 S.W.2d 719, 726 (Tex.
Crim. App. 1990); State v. McCall, 929 S.W.2d 601, 603 (Tex. App.--San Antonio 1996,
no pet.). Thus, the trial court did not abuse its discretion in denying Galvan's motion to
suppress. Accordingly, we overrule Galvan's third point of error.

Sufficiency of the Evidence


 In his first and second points of error, Galvan contends the evidence was legally and
factually insufficient to prove he was intoxicated at the time he was driving. In rebuttal, the
State contends that appellant's demeanor shortly after driving suggests he had driven without
the normal use of his mental and physical facilities. We agree with the State.(3)

 When reviewing legal sufficiency of the evidence, we examine the entire body of
evidence in the light most favorable to the judgment and ask whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.(4) Jackson
v. Virginia, 443 U.S. 307, 319 (1979). When reviewing factual sufficiency of the evidence,
we examine all the evidence, without deference to the prosecution, and set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Here, the arresting officers described Galvan as physically and mentally impaired a
short time after driving his vehicle. When we examine all the evidence, we hold it is both
legally and factually sufficient to support Galvan's conviction. See Lopez v. State, 936
S.W.2d 332, 335 (Tex. App.--San Antonio 1996, no pet.). Accordingly, we overrule his first
and second points of error.

Galvan's Sentence


 Galvan was charged with a Class B misdemeanor, punishable by confinement in jail
up to 180 days and a fine up to $2,000. Tex. Penal Code Ann. § 49.04(b) (Vernon 1994);
id. § 12.22. Galvan was sentenced, however, to one year in jail, probated for two years, plus
a $500 fine. As the State acknowledges, the jail sentence exceeds the statutory limit. This
error cannot be waived, and the proper remedy is to reverse the sentence and remand the
cause for sentencing within the proper range. See Ex parte Sims, 868 S.W.2d 803, 804 (Tex.
Crim. App. 1993); Releford v. State, 683 S.W.2d 385, 387 (Tex. Crim. App. 1984); State v.
Rowan, 927 S.W.2d 116, (Tex. App.--Houston [1st Dist.] 1996, no pet.).

Conclusion


 We affirm the trial court's judgment of conviction but reverse its sentence. We
remand the cause for a new punishment hearing.



 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH



1. This appeal was transferred from the Fourteenth Court of Appeals by order of the Texas Supreme Court. The
applicable law is the same in both appellate districts.
2. Galvan also argues there was no probable cause to support the stop. Probable cause is relevant only to arrests.
See Francis v. State, 896 S.W.2d 406, 409 (Tex. App.--Houston [1st Dist.] 1995) (distinguishing stops from arrests),
pet. dism'd, 922 S.W.2d 176 (Tex. Crim. App. 1996).
3. Galvan was charged with intoxication by means of mental or physical impairment. See Tex. Penal Code Ann.
§ 49.01(2) (Vernon 1994) (defining "intoxication" as "having an alcohol concentration of 0.10 or more" or
mental/physical impairment). As evidence he was not intoxicated, Galvan asserts there was no alcohol found in his
Suburban and no evidence as to when he consumed alcohol. Whether alcohol was found in the Suburban is irrelevant,
especially in light of Galvan's own testimony that he had consumed three beers before driving.
4. To support a conviction for driving while intoxicated, the evidence must show that the appellant drove a motor
vehicle while intoxicated in a public place. Tex. Penal Code Ann. § 49.04 (Vernon 1994).


Return to
4th Court of Appeals Opinions