

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00426-CR

CHARLES ANTHONY GREEN                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1303703D

----------

## OPINION

----------

A jury convicted Appellant Charles Anthony Green of aggravated sexual assault with a deadly weapon. The trial court sentenced him to fifty years' confinement. In his sole point, Appellant challenges the sufficiency of the evidence of the use or exhibition of a deadly weapon. Because the evidence is sufficient to allow a jury to conclude beyond a reasonable doubt that Appellant

did use and exhibit a deadly weapon, specifically a firearm, in the commission of the offense, we affirm the trial court's judgment.

**Brief Facts**

On February 12, 2004, at approximately 3:00 p.m., Dawn Johnson (a pseudonym) went to an O'Reilly's Auto Parts store to buy car supplies in Pantego, Texas. When she left the store, Johnson noticed Appellant sitting at the edge of the building near her vehicle. His presence made her nervous, so she put down her bags to get her keys out of her purse. As she found her keys, Appellant came up behind her and stated that he needed a ride. Johnson felt a metal object against her mid-back; she believed that the object was a gun. Johnson told Appellant that he could take her car, but he did not let her go. Instead, Appellant shoved her through the driver's seat into the passenger seat of her car. Appellant got into the driver's seat and drove off. As Appellant was driving, Johnson considered jumping out of the car but decided not to for fear of being shot.

While he was driving, Appellant put his ski cap on Johnson, covering her eyes. He eventually pulled the car over into an alley. He came over to the passenger side of the car, and Johnson began screaming. Appellant told Johnson that he would not hurt her. But when she continued screaming, he placed what felt like the barrel of a gun to her head. Johnson told the police that Appellant had told her that the object was a ".357." Appellant raped Johnson and then let her leave.

**Sufficiency of the Evidence**

Appellant argues that because Johnson saw no firearm and the police found no firearm, the evidence is insufficient to support the jury's deadly weapon finding. The standard for reviewing sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[1] The evidence is examined in the light most favorable to the jury's verdict.[2] This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[3] When performing an evidentiary sufficiency review, the appellate court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the jury.[4] The jury determines facts proven and the weight and credibility to be given to testimony, and it exclusively possesses the authority to reconcile conflicts.[5] The jury may believe all, part, or none of a

---

[1]*Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. Ct. 2781, 2788–89 (1979); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), *cert. denied*, 511 U.S. 1046 (1994).

[2]*Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

[4]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[5]Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

witness's testimony.[6]  The appellate court must presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

In a sufficiency review, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt."[8]

To sustain a deadly weapon finding, the evidence must show that the object satisfies the definition of the term "deadly weapon," that the deadly weapon was used during the offense, and that someone other than the defendant was thereby placed in danger.[9]  Appellant argues that the evidence is insufficient to prove that he "used" a deadly weapon because Johnson never saw his gun and that therefore the evidence sufficed to prove only sexual assault rather than aggravated sexual assault.  The State argues that the evidence is sufficient to support the deadly weapon finding and therefore the aggravated sexual assault conviction because of the following:

- Johnson unequivocally testified that her encounter with Appellant began when she felt Appellant stick a gun in her back.

---

[6]*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

[8]*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[9]*Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014).

4

- Johnson was "100% sure" she felt Appellant put the barrel of a gun against her head.

- Johnson submitted to Appellant because she believed he would shoot her if she resisted.

- As Appellant prepared to rape Johnson, he asked if she knew what kind of gun he was holding against her head and then told her it was a .357. [Citations omitted.]

The State is correct. Johnson's testimony that she felt a gun barrel pressed against her and that Appellant told her that it was a .357 is sufficient to support the jury's deadly weapon finding.[10]

**Conclusion**

We therefore overrule Appellant's sole point on appeal and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

PUBLISH

DELIVERED: June 4, 2015

---

[10]*See Woods v. State*, 653 S.W.2d 1, 4 (Tex. Crim. App. 1982).

5