Calvin James NEWTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42993.

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Aug. 21, 1970.

Kenneth E. Blassingame, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by a prior conviction for a like offense, 12 years.

The indictment returned at the January Term, 1967, in Criminal District Court No. 3 of Dallas County, alleged the offense to have been committed on or about December 18, 1966.

After many postponements, none of which was charged to the state, the case was tried on May 21, 1968. A prior trial on May 8, 1968, resulted in a mistrial, the court having granted appellant's motion to withdraw his announcement of ready for trial specifically waiving former jeopardy and alleging newly discovered evidence.

The evidence from the standpoint most favorable to the jury's verdict reflects that on the night of December 18, 1966, a building of Fairlane Motors, in Dallas, was burglarized and a 1965 Chevrolet automobile was stolen.

Other property found to be missing included keys to the Chevrolet and to other automobiles housed in the burglarized building, a bayonet used as a letter opener, some screwdrivers and a gun.

The automobile was found in Hillsboro about 11:25 P.M. the same night. Two females were in the car. Appellant and John Henry Stewart were arrested in Hillsboro. The key which opened the trunk of the Chevrolet and other keys were found in appellant's possession.

Appellant testified that John Henry Stewart gave him the key to the trunk and that he and the two females were riding with Stewart who had the Chevrolet asked him if he wanted to go to Hillsboro.

His testimony that Stewart was driving the Chevrolet was corroborated by the testimony of one of the females who was called by appellant and who testified that she was living with appellant about that time.

John Henry Stewart was brought from the Department of Corrections on Bench Warrant and testified that he and appellant broke into the building and took the automobile. He and appellant both testified that the shotgun found in the car belonged to appellant. The owner of the burglarized building was unable to identify it as the gun that was missing from the building.

Appellant admitted the prior conviction alleged for enhancement and other felony convictions.

The record on appeal was approved May 31, 1969. It was not filed in this court until March 19, 1970.

Appellant's brief, filed in the trial court on December 15, 1969, sets forth one ground of error which is: "The Appellant was denied the effective assistance of counsel."

The record reflects that counsel appointed by the court February 3, 1967, to repre-

sent appellant was allowed to withdraw October 30, 1967, after appellant made bond. Dallas Attorney Edgar Smith represented appellant as his retained counsel at his trials and until June 7, 1968, when, upon affidavit of indigency, the court appointed Ralph Taite, also a Dallas Attorney, to represent appellant on appeal.

Appellant became dissatisfied with the services of Counsel Ralph Taite and, on July 26, 1968, filed notice of his discharge and prayed for appointment of counsel.

On September 6, 1968, notice of the completion of the record on appeal was given. On November 16, 1968, and on December 4, 1968, Counsel Taite obtained extensions of time for filing brief.

Retained counsel for appellant obtained further extension on March 4, 1969, May 31, 1969 and November 14, 1969, and filed brief on December 15, 1969.

Appellant's claim of ineffective counsel is directed to his retained trial counsel, Edgar Smith. The record is silent as to his background, training or experience.

We decline to speculate as to what the result would have been had appellant not withdrawn his announcement of ready for trial at the former trial; or had he not, against the advice of his retained trial counsel, testified as a witness at his trial which resulted in his conviction.

We agree that an accused in a criminal proceeding has a constitutionally protected right to the effective assistance of counsel, whether counsel is employed or is court appointed. Byrd v. State, Tex.Cr. App., 421 S.W.2d 915; Rodriguez v. State, 170 Tex.Cr.R. 295, 340 S.W.2d 61.

The right to counsel does not mean errorless counsel, and his competency or the adequacy of his representation of his client is not to be judged by hindsight. Byrd v. State, supra. The accused is entitled, not to counsel judged ineffective by hindsight, but "counsel reasonably likely to render and rendering reasonably effective assistance." McKenna v. Ellis, 5 Cir., 280 F.2d 592.

Viewing the case as an overall picture and in the light of the record before us, we cannot agree that appellant was denied the effective aid of counsel at his trial or that said counsel failed to render reasonably effective assistance.

The judgment is affirmed.