**Arturo Perez MENCHACA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–89–00172–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 22, 1989.

Glen D. Aaron, II, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Randall L. Fluke, Asst. Dist. Atty., Midland, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for felony theft. The court assessed punishment, enhanced by two prior felony convictions for burglary of habitation, at imprisonment for twenty-five years. We affirm.

Appellant was arrested and charged with a misdemeanor theft arising out of a shoplifting incident. In the primary count of the indictment, the State alleged three prior misdemeanor theft convictions to raise the grade of the primary offense to a third degree felony under Tex.Penal Code Ann. sec. 31.03(e)(4)(C) (Vernon 1989).

In two additional paragraphs, the State alleged prior felony convictions for burglary of a habitation to enhance the punishment range under Tex.Penal Code Ann. sec. 12.42(d) (Vernon Supp.1989). Appellant was found guilty as charged in the primary count, and the court found both punishment enhancement paragraphs to be true. The minimum punishment under Section 12.42(d) was imposed.

In Point of Error No. One, Appellant complains that the lower court erred in refusing to quash the indictment because the three prior misdemeanor convictions alleged to create a felony grade primary offense all occurred on the same date, May 11, 1983. Appellant contends that the temporal sequence of commission and final conviction required under Section 12.42 is equally applicable under Section 31.-03(e)(4)(C). The case law is uniformly adverse to his position. The rules governing the use of prior convictions under Section 12.42 are not applicable to prior convictions alleged as elements of the primary offense. *Kincheloe v. State,* 553 S.W.2d 364 (Tex. Crim.App.1977). Prior theft convictions alleged under Section 31.03(e)(4)(C) are jurisdictional elements of the primary felony theft offense on trial. *Gant v. State,* 606 S.W.2d 867 (Tex.Crim.App.1980). Multiple prior theft convictions may be utilized by the State under Section 31.03(e)(4)(C) even if they coincide as to dates of commission and/or final conviction. *Campise v. State,* 745 S.W.2d 534 (Tex.App.—Houston [1st

Dist.] 1988, no pet.). As long as the prior convictions were final prior to the commission of the instant offense, the temporal relationship between the priors is immaterial. *Clark v. State*, 751 S.W.2d 917 (Tex. App.—Tyler 1988, no pet.). Point of Error No. One is overruled.

 Point of Error No. Two contends that the court erred in failing to quash the enhancement paragraphs of the indictment. The primary offense alleged involved a 1988 misdemeanor theft upgraded to felony status by three prior misdemeanor theft convictions on May 11, 1983. The first enhancement paragraph alleged a burglary conviction on August 1, 1985. The second alleged another prior burglary conviction on May 10, 1983. Appellant contends that since the May 11, 1983 theft convictions were elements of the primary offense under Section 31.03(e)(4)(C), the prior felonies alleged could not be used for enhancement because they did not become final prior to commission of an element of the primary offense.

While in one sense the May 11, 1983 theft convictions become "elements" of the primary offense, they only function as a jurisdictional basis for defining the offense as a felony. They are not elements of that offense in the complete, traditional sense. For example, appellate reversal due to failure of proof on the prior convictions alleged under Section 31.03(e)(4)(C) does not result in acquittal, but in remand for transfer to a court of misdemeanor jurisdiction for retrial. *McGinnis v. State*, 746 S.W.2d 479 (Tex.Crim.App.1988).

A similar argument was presented and rejected in *Mena v. State*, 504 S.W.2d 410, 415 (Tex.Crim.App.1974). There the primary offense was misdemeanor possession of a pistol, raised to felony grade by allegations of a prior conviction for robbery. The punishment range was then enhanced by allegation of two other felony convictions— burglary and forgery. Since the robbery conviction (elevating the grade of the primary offense) and the burglary conviction (enhancing the punishment range) occurred on the same date, the defendant argued that the sequence of successive commissions and final convictions required by Section 12.42 had been violated. Rejecting the argument, the Court of Criminal Appeals concluded that the dates of prior convictions alleged as elements of the primary offense were irrelevant to a determination of the enhancement sequence required under Section 12.42. The date of the primary offense was the day the pistol was illegally carried and did not extend back to the date of the robbery conviction. In our case, the date of the primary offense was the date of the 1988 shoplifting incident. That date and the dates of commission and final conviction for the prior burglaries are the only critical dates to be evaluated under Section 12.42(d). Point of Error No. Two is overruled.

The judgment is affirmed.