Roy Gene **SPARKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–89–0977–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 25, 1991.

Gene Jones, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant pled not guilty to the offense of attempted sexual assault. TEX.PENAL CODE ANN. §§ 15.01 and 22.011. He was convicted by a jury and the trial judge assessed punishment, enhanced with a prior out of state conviction, at imprisonment for twelve years. Appellant raises two points of error. We affirm the trial court.

■ In his first point of error, appellant contends that the trial court erred in sua sponte excusing a potential juror who was not absolutely disqualified as a matter of law. The law is well-settled that a defendant's failure to object to the court's exclusion of a venireperson waives the right to complain of the exclusion and the point cannot be considered on appeal. *Boulware v. State*, 542 S.W.2d 677, 683 (Tex.Crim. App.1976), *cert. denied*, 431 U.S. 926, 97 S.Ct. 2202, 53 L.Ed.2d 241 (1977); *Johnson v. State*, 698 S.W.2d 154, 161 (Tex.Crim. App.1985). The record indicates that appellant did not object when the trial court excused the prospective juror. Absent appellant's objection to the trial judge's dismissal of the potential juror, no error was preserved for appellate review. TEX.R. APP.P. 52(a). Appellant's first point of error is overruled.

In appellant's second point of error, he asserts that the trial judge improperly enhanced punishment with a void prior felony conviction from Florida. Appellant contends that the Florida conviction is void on its face because of the record's failure to reflect that he waived his right to a jury trial. The trial judge gave full faith and credit to the Florida conviction.

■ A prior conviction that was alleged for enhancement may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex.Crim.App.1979).

Lesser infirmities in a prior conviction, such as irregularities in the judgment or sentence, may *not* be raised by a collateral attack, even if they would have resulted in a reversal had they been presented on appeal. *Id.*

■ During the punishment phase of trial, appellant moved to quash the Florida penitentiary packet produced by the State for enhancement purposes. This penitentiary packet contained no showing that appellant had waived, or been informed of, his right to a trial by jury. Appellant relies on the contents of the penitentiary packet for his argument that the record of the original Florida conviction contains no showing of a jury waiver. In support of his motion to quash, appellant presented Florida case law which held that:

(1) a waiver of a jury trial must be written and signed by the defendant. *Jones v. State*, 452 So.2d 643, 645 (Fla. App. 4 Dist.1984), pet. rev. denied, 461 So.2d 116 (Fla.1985);

(2) a defendant's knowing, voluntary, and intelligent waiver of the jury trial must affirmatively appear in the record. *See Johnson v. State*, 411 So.2d 1023, 1023 (Fla. 2d DCA 1982); FLA.R.CRIM.PROC. § 3.260; and,

(3) the trial judge is required to conduct a colloquy on the record with the defendant to determine if he fully understands what is meant by such a waiver. *Shuler v. State*, 463 So.2d 464, 464 (Fla.App. 2 Dist.1985).

Although here, a collateral attack on the prior Florida conviction was possible, the burden of proof was on the party attacking the conviction to show its invalidity in the record and preserve the error for appeal. *West v. State*, 720 S.W.2d 511, 519 (Tex. Crim.App.1986), *cert. denied*, 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878 (1987); TEX.R.APP.P. 52(b). The appellant has neither presented the court with a complete record of the prior Florida cause, nor introduced evidence that the Florida law requires a jury waiver to be reflected on the *face of the judgment*. *West*, 720 S.W.2d at 519. Reliance on the Florida penitentiary

packet alone is insufficient to carry appellant's burden of proof. Although the court did not hear the motion to quash on the merits, appellant has *not* properly preserved the error through a bill of exception, and therefore, has presented nothing for review. Appellant's second point of error is overruled.

Accordingly, the trial court is affirmed.