**Philip Craig SHIPLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00306–CR.**

Court of Appeals of Texas,
El Paso.

March 13, 1992.

---

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and BARAJAS, JJ.

## OPINION

WOODARD, Justice.

A jury convicted Philip Shipley, Appellant, of misdemeanor theft enhanced to a third degree felony pursuant to Tex.Penal Code Ann. § 31.03(e)(4)(E)(Vernon Supp. 1992). Subsequently, the trial court assessed punishment at 5 years' probation. In seven points of error, Appellant seeks review. Each of the points of error challenge the propriety of using prior theft convictions to enhance the instant offense. We affirm.

In Points of Error Nos. One and Two, Appellant argues that use of the prior convictions to enhance the instant offense unconstitutionally subjected him to double jeopardy in relation to the priors. In support of the contention, Appellant relies upon *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Appellant misapplies the holding of *Grady*. The Supreme Court held that facts arising out of a singular occurrence may not be used in multiple or subsequent prosecutions in which the State attempts to rely upon prior convictions derived from the same criminal episode to constitute proof of the conduct needed to obtain the subsequent conviction. *Grady*, 495 U.S. at 508, 110 S.Ct. at 2084. In *Grady*, the exact same conduct of the accused, both temporally and factually, was used by the prosecution to prove separate allegations arising from an incident from which prior convictions on other charges had previously been obtained.[1] The instant facts are inapposite.

The instant facts indicate that Appellant is a recidivist thief. The State proved that Appellant was previously and finally convicted of two misdemeanor theft charges on June 23, 1988. The instant indictment charged that Appellant again committed theft in a wholly separate criminal episode from three different individuals. Thus, *Grady* is inapplicable.

Nevertheless, Appellant argues since proof of the prior convictions is necessary as an "element" of the instant felony charge, such proof only serves to assist the State in obtaining additional punishment for his prior conduct for which he has been previously punished. We disagree. Even though it is a jurisdictional element of the offense, proof of the prior convictions is not that of a traditional element of the crime alleged. *Menchaca v. State*, 780 S.W.2d 917, 918–19 (Tex.App.—El Paso 1989, no pet.). Rather, such proof serves only to redefine the offense as a felony in order to confer jurisdiction upon the district court over an incident which would otherwise be classified as a misdemeanor. *Id.* The priors are not necessary proof of the *corpus delicti* or criminal conduct giving rise to the instant offense. *State v. Nelms*, 775 S.W.2d 25, 26 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Instead, the priors were used only to elevate the instant misdemeanor criminal conduct, independently proven by the State, to that of a felony, "and such use [does] not violate the constitutional prohibition against dou-

---

1. The Supreme Court held that it was impermissible to attempt to convict the accused for manslaughter stemming from an incident to which the accused had previously pled guilty to traffic citations and driving while intoxicated. *Grady*, 495 U.S. at 508, 110 S.Ct. at 2084.

ble jeopardy." *Id.* at 26–27. Consequently, Points of Error Nos. One and Two are overruled.

In Points of Error Nos. Three, Four and Five, Appellant, for the first time on direct appeal of a subsequent conviction, attacks the prior convictions alleging they were derived from pleas of guilty entered without assistance of counsel. In support of the assertion, Appellant states the prior pleas were entered as to charges which were punishable by incarceration; thus, he was entitled to counsel. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Although Appellant was appointed counsel to represent him, he argues counsel's assistance was so deficient to amount to only nominal representation. Consequently, Appellant alleges he was essentially deprived of counsel. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Ex parte Harris,* 596 S.W.2d 893 (Tex.Crim.App.1980). Thus, he argues the pleas were entered without a knowing and intelligent waiver of his rights, and the convictions cannot be used to enhance the instant offense.

■■■ A prior conviction used to enhance a subsequent offense may be collaterally attacked on direct appeal of the subsequent conviction if it is void as if tainted by a fundamental or constitutional defect. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App.1979). After the State established a prima facie case of proof of the prior convictions for enhancement purposes, *i.e., introducing copies of the judgment and sentence in each case,* the burden of proving that the prior convictions were void is on Appellant to make an affirmative showing of a fatal defect in the judgments. *Johnson v. State,* 725 S.W.2d 245, 247 (Tex.Crim.App.1987). The issue was first raised in a hearing outside the presence of the jury during the State's case-in-chief. Appellant filed a Motion to Limit State's Evidence Concerning Defendant's Prior Criminal Record which sought "to prevent the state from introducing into evidence at guilt/innocence certain inadmissible convictions" because the prior convictions were allegedly void.

■■■ As previously noted, prior convictions used to enhance a *subsequent charge* may be collaterally attacked by appeal of the judgment where those prior convictions used for enhancement are void. *Galloway,* 578 S.W.2d at 143. However, lesser infirmities allegedly present in the prior convictions, (such as insufficiency of evidence and irregularities in the judgment or sentence), may not be raised in a direct appeal of the *unrelated subsequent* judgment. *Galloway,* 578 S.W.2d at 143. Lesser infirmities may cause a conviction to be erroneous, and, thus, voidable. Such infirmities do not, however, render the conviction void. As opposed to challenging enhancement allegations by motion at the trial on a subsequent charge, the proper vehicle in which Appellant can appropriately attack prior convictions on grounds of *ineffective* assistance of counsel is through an alternative type of collateral attack, *i.e., a writ of habeas corpus.* See *McIntosh v. State,* 686 S.W.2d 759, 764 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Thus, Appellant's argument, as raised in direct appeal of a subsequent judgment, possesses merit only if he met his burden of affirmatively showing the trial court that counsel's representation was so deficient to amount to *absolutely no* assistance of counsel. See *Johnson,* 725 S.W.2d at 247. Then, and only then, can we conclude the record illustrates that the prior convictions were void due to a constitutional flaw, *i.e., total deprivation of counsel.*

The motion did not state any particular grounds upon which Appellant alleged the convictions were void. However, Appellant argued to the trial court that the prior convictions were void due to asserted mere *pro forma* representation of counsel which amounted to total lack of legal assistance. The prior convictions were obtained after Appellant had been jailed on multiple Class A and B misdemeanor theft charges and was awaiting arraignment. Appellant's counsel was appointed to represent Appellant and numerous other similarly-situated inmates. The inmates were brought to the courtroom in a group where appointed counsel advised them that they had the

opportunity to plead guilty and be released on that day pursuant to a standard procedure in which the trial court would impose punishment limited to the time served. Counsel simultaneously informed the group that they had been charged with various misdemeanors which ranged in punishment up to one year imprisonment. He also informed them that they were presumed innocent and of: (1) their right to either a jury or nonjury trial; (2) their right to prepare for trial; and (3) their right to confront adversarial witnesses. Counsel also instructed the inmates that if they were not guilty, they should plead not guilty. Consequently, it is clearly implied that if a trial is desired, ample time to fully investigate the facts of an individual case would be provided. If the inmates opted to go to trial, counsel stated they could remain in jail for up to six months awaiting trial. However, counsel iterated bond might be obtained upon which they could be released awaiting trial.

At the hearing on Appellant's trial motion, former appointed counsel testified that each of these inmates had the opportunity to tell the judge that they desired either a nonjury trial or a jury trial or that they wanted to plead guilty. The judge asks the inmates whether counsel informed them of their right to a trial. Counsel stated that it is not uncommon for inmates to say that they are not guilty. Consequently, pleas of guilty would not be accepted as to those defendants, and counsel would ask the judge for a bond upon which the accused could be released awaiting trial. At this early stage of the proceedings, counsel's assistance is best characterized as "informing" the defendants of their various rights and of the options of either: (1) pleading guilty in exchange for a sentence comporting with the amount of time served; (2) possibly obtaining a lower bond for release awaiting trial; or (3) if a lesser bond is either denied or cannot be met, awaiting trial in jail.

The key to a constitutionally valid plea of guilt is that it was intelligently and voluntarily made and, if upon advice of counsel, that counsel was reasonably effec-

tive. *Meyers v. State*, 623 S.W.2d 397, 401 (Tex.Crim.App.1981). The standard of review in determining the validity of the guilty plea requires consideration of the totality of the circumstances. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App. 1986, on rehearing). At the hearing on the motion during the subsequent trial, the judge was entitled to presume the previous trial judge properly arraigned Appellant and properly accepted his guilty plea unless the record affirmatively illustrated the contrary. See *Adams v. State*, 745 S.W.2d 536, 537 (Tex.App.—Houston [1st Dist.] 1988, no pet.). We will only determine whether Appellant overcame this presumption by affirmatively showing the convictions to be void based on the alleged constitutional flaw of *deprivation* of counsel, and we will not consider whether the convictions are voidable due to *ineffective* assistance.

In an attempt to further the allegation, Appellant relies upon *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). On writ of certiorari from denial of habeas corpus, the Supreme Court found in *Von Moltke* that the petitioner had been coerced into pleading guilty and held that appointment of an attorney who the trial judge enticed to represent petitioner only at arraignment—and not for her plea—was insufficient. The Court placed particular emphasis on the fact that Von Moltke had placed great confidence and depended totally upon government agent-attorneys for legal counsel, (prior to her plea hearing at which she was not represented by counsel), in an espionage case which was potentially punishable by death. *Von Moltke*, 332 U.S. at 724–25, 68 S.Ct. at 323–24, 92 L.Ed. at 321–22.

We find the instant facts distinguishable in that counsel was specifically appointed to represent inmates who desired to plead guilty, and he assured each inmate that they were entitled to a trial, time to prepare for trial and to confront witnesses against them. Contrary to *Von Moltke*, nothing in the record indicates Appellant was either coerced by or depended upon government agents loyal to their government for legal counsel. Appellant was told

that *if guilty*, the judge would accept a concomitant plea and impose a sentence not to exceed the amount of time served.[2] If, however, the individual defendants stated they were not guilty, counsel iterated he would attempt to obtain a bond upon which the inmates could be released awaiting trial on their individual charges. If the inmates chose this option, it was clearly implied that a further investigation of the facts of their individual cases could be had. However, Appellant was also afforded the opportunity, one for which he opted, to forego any subsequent proceedings. In light of these admonishments, we cannot conclude the instant procedure was so woefully deficient to amount to no representation of counsel as the Supreme Court found in *Von Moltke.*

From the "totality of the circumstances," we conclude Appellant was adequately apprised of his rights and options from which he intelligently chose to plead guilty. We find nothing in the record to indicate that Appellant failed to appreciate the ramifications of entering a plea of guilty. To the contrary, counsel informed Appellant, albeit in a group format, he was presumed innocent until proven guilty and of his numerous rights as previously delineated. Counsel testified he was confident Appellant was aware of the consequences of entering a guilty plea, *i.e., waiving those enumerated rights.* Furthermore, he was told he should not plead guilty unless he was guilty. If not guilty, counsel informed Appellant that a personal bond could possibly be set. Finding that the record illustrates Appellant was afforded ample information from which he could make an informed and voluntary decision to plead guilty, we find that counsel provided more than a mere *pro forma* appearance of counsel. We overrule Appellant's third, fourth and fifth points of error.

In his sixth point of error, Appellant contends that since the prior convictions were derived from pleas of guilt entered without a formal reading of the admonishments provided in Tex.Code Crim.

Pro.Ann. art. 26.13 (Vernon 1989 and Supp. 1992), those pleas were allegedly entered involuntarily. Thus, those convictions cannot be used as an element of the instant offense. The Court of Criminal Appeals has consistently held a guilty plea to a misdemeanor need not be preceded by the admonishments in Article 26.13. *McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim. App.1981); *Empy v. State,* 571 S.W.2d 526, 529 (Tex.Crim.App.1978). Furthermore, the Court of Criminal Appeals also held that an accused who is apprised of such rights, even when given in a group plea session, shall be found to adequately understand those rights. *McMillan v. State,* 727 S.W.2d 582, 583–84 (Tex.Crim.App. 1987). Also, we are again constrained to heed the presumption of regularity. *Adams,* 745 S.W.2d at 537. The instant record on appeal fails to demonstrate how, if at all, the trial court failed to insure that Appellant was made aware of his rights as required in misdemeanor prosecutions. As a result, we find the pleas to have been voluntarily entered, and Point of Error No. Six is overruled.

In his last point of error, Appellant argues that since the prior convictions were derived from involuntary pleas of guilt, he could not have perceived the "likely consequence" that the conviction could be later used as an element of the instant offense. Specifically, Appellant argues counsel's attempted assistance amounted to no representation because counsel did not inform him that such pleas could later be used to enhance any subsequent charges. Thus, according to Appellant, his plea was not entered knowingly and intelligently to the extent he did not understand the direct consequences thereof. Again, the standard of review to determine whether a plea was voluntarily and intelligently made requires us to consider the totality of the circumstances. See *Griffin,* 703 S.W.2d at 196; *Meyers,* 623 S.W.2d at 401. Appellant's assertion that counsel should have informed him that the convictions stemming from the guilty pleas could potentially be

---

**2.** As indicated by the judgments entered, Appellant had been incarcerated for 22 days, and the judge imposed a sentence of 20 days in response to Appellant's guilty plea.

used later to enhance the charges the next time he was caught violating the law, implies that counsel should automatically anticipate Appellant would continue to act as a one-man crime wave. Inferentially, such an argument requires the conclusion of Appellant's 20–day sentence was insufficient to deter further criminal activity. Furthermore, adherence to the view expressed in the contention would also necessarily abrogate the need for Appellant to accept any personal responsibility regarding the enhancement of any future criminal conduct he might commit. Thus, we conclude the lack of such a warning by counsel is not sufficient to establish that Appellant was afforded only nominal representation. Nor does the absence of such a warning affirmatively illustrate that Appellant lacked sufficient knowledge of the direct consequences of the pleas to the extent the plea was constitutionally invalid. See *Johnson*, 725 S.W.2d at 247. Having found that the record fails to demonstrate any error in the method in which Appellant was admonished and that the pleas were voluntarily entered, the premise upon which Appellant's point is based is without merit. Thus, Point of Error No. Seven is overruled.

Accordingly, the judgment of the trial court is affirmed.

BARAJAS, Justice, dissenting.

I find myself in disagreement with the majority members of the panel and record my respectful dissent.

In Appellant's fifth point of error, he asserts that the trial court erred in admitting evidence of prior misdemeanor convictions. Specifically, Appellant alleges that the prior convictions were inadmissible because they were obtained without effective assistance of counsel. I would sustain Appellant's fifth point of error.

## I. PROCEDURAL HISTORY

In the trial court, Appellant filed a motion to suppress evidence.[1] This motion sought to suppress introduction of Appellant's two prior misdemeanor convictions, each of which served as elements of the instant offense. After a hearing on the motion, the trial court denied the request for suppression. As a consequence, the State was permitted to introduce the two prior misdemeanor convictions in evidence and use them for enhancement purposes.

## II. STANDARD OF REVIEW

The issue before this Court is whether the trial court erred in admitting, and using for enhancement purposes, evidence of two prior misdemeanor convictions over Appellant's objection. Resolution of this issue requires an overview of the applicable standard of review.

The majority opinion correctly states the law as it relates to Appellant's procedural attack as to the use of the prior convictions. Indeed, it is proper for Appellant to attack, on direct appeal, any prior conviction used for enhancement purposes if such prior conviction is void due to a fundamental or constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex.Crim.App. 1979); *Sparks v. State*, 809 S.W.2d 773, 774 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Since Appellant argues that the prior convictions are void, it is our duty as an appellate court to determine whether Appellant met his burden of proof on this issue in the trial court.

Once the State made a prima facie showing of the validity of the prior convictions, it then became the burden of Appellant to make an affirmative showing of a fatal defect in the prior convictions. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex.Crim.App. 1987). According to the United States Supreme Court, this burden has been met and the prior convictions are void, if Appellant was able to demonstrate that the prior convictions were obtained in violation of his constitutional right to counsel. See *Bur-*

---

1. The motion filed in the trial court was labeled "Motion to Limit State's Evidence Concerning Defendant's Prior Criminal Record." Despite the title, this motion was in substance, a motion to suppress in that it sought to prevent the admission of void convictions. For purposes of appellate review, the denial of a motion to suppress is sufficient to properly preserve error under Tex.R.App.P. 52(b). *Hernandez v. State*, 767 S.W.2d 902 (Tex.App.—Corpus Christi 1989).

*gett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The majority recognizes that prior convictions are void if obtained in violation of the Sixth Amendment right to counsel. Unfortunately, what the majority fails to recognize is the full and complete meaning of our Sixth Amendment right to counsel. Contrary to 20 years of firmly established constitutional jurisprudence, the majority claims that Appellant's prior convictions are void only if there was a "total deprivation of counsel" or if counsel was so deficient that it amounted to "no assistance of counsel." Majority Opinion at 478. Based on this reasoning, the majority states "we will not consider whether the convictions are voidable due to *ineffective* assistance." *Id.* at 479.

The majority's standard for measuring Sixth Amendment violations is legally meaningless because the Sixth Amendment "right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692 (1984), citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 4, 25 L.Ed.2d 763 (1970). Moreover, since the right to effective assistance of counsel is of a constitutional dimension, this Court must determine whether Appellant affirmatively proved that he was denied effective assistance in regard to the prior convictions.

Finally, if it is determined that Appellant's constitutional rights were infringed and the fruits of the infringement were directly used for the purpose of securing an increased sentence, the error asserted by Appellant cannot be harmless. *Burgett*, 389 U.S. at 115, 88 S.Ct. at 262; *Gill v. Estelle*, 530 F.2d 1152, 1155 (5th Cir.1976). Tex.R.App.P. 81(b)(2); *Mallory v. State*, 752 S.W.2d 566 (Tex.Crim.App.1988).

### III. SUMMARY OF THE EVIDENCE

In support of his motion to suppress, Appellant called his appointed trial defense counsel [hereinafter Misdemeanor Counsel] on the two prior misdemeanor convictions. Misdemeanor Counsel testified that on June 23, 1988, he was appointed by the Presiding Judge of El Paso County Court at Law Number Five to represent the Appellant on four misdemeanor charges pending against him. Three of the charges were for misdemeanor theft violations. On June 23, 1988, pleas of guilty were entered by the Appellant and accepted by the Misdemeanor Trial Court as to the two misdemeanor charges involved in this appeal. Misdemeanor Counsel, while not having any specific recollection of conferring with the Appellant prior to the entry of Appellant's pleas, stated that the procedure which was followed that day was consistent with procedure followed by both the Jail Magistrate and himself on all "jail pleas" taken prior to and subsequent to June 23, 1988.

Misdemeanor Counsel testified that jail personnel would review charges pending for all inmates at the El Paso County Jail. When jail personnel felt that a certain inmate had spent enough time for the particular offense for which the inmate had been incarcerated, the inmate was brought down to the jail courtroom for the purpose of pleading guilty for time served. Misdemeanor Counsel further testified that it was the Court's procedure to appoint him to represent the inmates brought down for pleas.

As a general rule, inmates are brought down *en masse*, 25 to 45 at a time. Misdemeanor counsel is given a few minutes at most to talk to his "clients" as a group, taking no less than 30 nor more than 45 minutes to talk to the group. Misdemeanor Counsel testified that he was the attorney on the particular afternoon when Appellant was brought down to the courtroom to enter his plea. Misdemeanor Counsel gathered the Appellant and the inmates into one large group and spoke to them collectively. He proceeded to advise them, *en masse*, that they were there to plead guilty, if they chose to do so, and in exchange for their plea of guilty, they would be given a sentence equal to their time served. In short, Misdemeanor Counsel advised the inmates that a plea of guilty would result in a release from jail on that very same day.

Misdemeanor Counsel testified that it was his standard procedure to advise the group that all of the charges against them were for misdemeanor offenses. In regard to the range of punishment, it is standard procedure to tell the inmates "you can get out today with the time you have been here." Misdemeanor Counsel further testified that he does not necessarily tell each and every one of the inmates what the range of punishment is for their particular offense, but rather, he tells them that they can stay incarcerated as long as one year, but misdemeanors differ.[2] Misdemeanor Counsel did advise the inmates that they were presumed innocent. He also stated that sometimes he would pick up an inmate's file and review it briefly. Further, if the inmate stated that he did not know what he was charged with and if the inmate requested, Misdemeanor Counsel would read the inmate the information on file against him.

In addition to the above information, Misdemeanor Counsel stated that he attempted to inform the inmates of the consequences of a guilty plea. Specifically, he would advise the inmates, again *en masse*, that they did not have to plead guilty if they were not guilty, they had a right to a jury trial and if they wanted a jury trial they would get one, but not that day. He further advised that if an inmate requested a jury trial, the inmate could expect a delay of between three to six months, during which time he would remain incarcerated. In sum, Misdemeanor Counsel's testimony revealed that the inmates had two choices: (1) plead guilty and get out that day, or (2) plead not guilty and remain in jail.

Advice regarding the two choices noted above never included any information about the inmates right to appeal from a plea of guilty. In fact, Misdemeanor Counsel testified that once an inmate stated that

he wanted to plead guilty, Misdemeanor Counsel would not speak to that inmate again. As a consequence, it is not surprising to note that Appellant never indicated to Misdemeanor Counsel that Appellant wished to appeal his guilty pleas.

Finally, Misdemeanor Counsel testified that the trial court would take approximately 40 pleas in the above fashion within an hour and one-half, and as such, the trial court did not give Misdemeanor Counsel more than a few minutes to converse with his "clients."

### IV. RIGHT TO ASSISTANCE OF COUNSEL IN PLEAS OF GUILTY

In a criminal proceeding, an accused has a constitutional right to the effective assistance of counsel, whether counsel is employed or is court appointed. *Brewer v. State*, 649 S.W.2d 628 (Tex.Crim.App.1983); *Newton v. State*, 456 S.W.2d 939 (Tex. Crim.App.1970). Issues pertaining to violations based on failure to render effective assistance of counsel are to be judged by the totality of the representation, and challenges will be sustained only if firmly founded. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Crim.App.1976).

In the instant case, it is undisputed that the Appellant was afforded his right to counsel. Indeed, Misdemeanor Counsel, the "attorney for the day," was appointed to represent Appellant, along with 25 to 40 other criminal defendants. However, the Sixth Amendment requires more than the mere appointment of counsel. Specifically, the Sixth Amendment requires that appointed counsel render effective assistance. *Diaz v. Martin*, 718 F.2d 1372 (5th Cir.), cert. denied, 466 U.S. 976, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984); *Cuyler v. Sullivan*,

---

2. The record reveals that the trial court likewise failed to admonish Appellant as to the range of punishment. As a result, in his sixth point of error, Appellant asserts that he was denied constitutional due process. As correctly stated in the majority opinion, and as conceded by the Appellant, art. 26.13(a)(1) does not apply to pleas in misdemeanor cases. *McGuire v. State*, 617 S.W.2d 259 (Tex.Crim.App.1981); *Empy v.*

*State*, 571 S.W.2d 526 (Tex.Crim.App.1978); Tex. Code Crim.Pro.Ann. art. 26.13 (Vernon 1989). The cases relied upon by the majority are not controlling because they do not address the issue of whether due process requires a defendant to be admonished, from some source, as to the range of punishment prior to entering a plea of guilty to a misdemeanor offense.

446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333, 343 (1980). Thus, a mere, *pro forma* appearance of counsel does not amount to the "assistance of counsel" and "due process of law" that are guaranteed by the United States Constitution.[3] *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Our Constitution does not require "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render effective assistance...." *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir.1960); *Powers v. State,* 492 S.W.2d 274 (Tex.Crim.App. 1973).

It is evident from the record that Misdemeanor Counsel was periodically appointed "attorney for the day." As such, it was his duty to separate those inmates desiring to plead guilty for time served, from those who felt they were not guilty. This distinction of pleas is important because the entering of a plea of guilty is a critical step in our criminal process.

A plea of guilty is more than a confession of having acted culpably; it is itself a conviction which waives the constitutional right against self-incrimination, the right to confront one's accusers, and the right to trial by jury. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969). In the instant case, Appellant simultaneously plead guilty to three misdemeanor theft charges, two of which were later used for enhancement purposes. Insofar as his pleas of guilty were admissions of all the elements of the formal criminal charges against him, they could not have been truly voluntary unless the Appellant possessed an understanding of the law in relation to the facts. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In regard to Appellant's pleas of guilty, the only required duty of Misdemeanor Counsel, under the most liberal construction, was to ascertain if the pleas were entered voluntarily and knowingly. *Lamb v. Beto,* 423 F.2d 85, 87 (5th Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Butler v. State,* 499 S.W.2d 136 (Tex.Crim.App.1973). Specifically, Misdemeanor Counsel's duty was to ensure that Appellant's guilty pleas were entered only as the product of an informed and voluntary decision.

The aforementioned duty could only have been fulfilled if Misdemeanor Counsel actually and substantially assisted Appellant in deciding whether to plead guilty. This duty inherently entails familiarity with the facts and the law, including potential defenses, so that Misdemeanor Counsel could fully advise Appellant of the options available to him. *Diaz,* 718 F.2d at 1372; *Mitchell v. State,* 762 S.W.2d 916 (Tex. App.—San Antonio 1988, pet. ref'd).

Based on the record as a whole, it is apparent that Misdemeanor Counsel did not fulfill his duty to ascertain whether Appellant's pleas were voluntarily and knowingly entered. At the outset, no investigation was made of Appellant's case. In fact, Misdemeanor Counsel never asked to see the State's file, even though he did not know the pertinent facts on which charges against the Appellant were based. In addition, Misdemeanor Counsel did not know what the State was required to prove as to each of the two charges then pending against the Appellant and, as a consequence, he never explained to the Appellant the nature of the charges or elements of the offenses. Furthermore, the record conclusively establishes that Appellant was never admonished, from any source, as to the range of punishment for his misdemeanor offenses. Finally, once Appellant expressed his desire to plead guilty, Misdemeanor Counsel never communicated with his "client" again.

At his hearing on his motion to suppress, the Appellant established that the prior convictions were void and, thus, inadmissible. Indeed, Appellant affirmatively established that he was denied his Sixth Amendment right to effective assistance of counsel at the time of his entry of guilty pleas to the two prior misdemeanor convictions. Consequently, the trial court erred in admitting the two prior misdemeanor convictions for enhancement purposes.

Having found error in the use of the prior convictions, I would find that the

---

**3.** U.S. Const. Amends. VI & XIV, § 1.

error complained of is harmful as a matter of law. Tex.R.App.P. 81(b)(2). To permit a conviction, obtained in violation of the Sixth Amendment right to counsel, to be used against a defendant for enhancement purposes is to erode the fundamental tenets of such a right. *Burgett*, 389 U.S. at 115, 88 S.Ct. at 262. For as Justice Douglas stated, "since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." *Id.* In an effort to remedy the deprivation, I would sustain Appellant's fifth point of error.

Despite my disposition of Appellant's fifth point of error, I would not contend that in all cases where a trial court appoints an "attorney for the day" or otherwise appoints counsel on the same day of trial for entry of a plea of guilty, that indigent defendants have satisfied their burden of establishing that they were denied effective assistance of counsel. In fact, it is within my realm of imagination that effective counsel could have been rendered in the brief period of time that Misdemeanor Counsel said he spent with the group of inmates. On the other hand, I can imagine a situation where counsel may be ineffective despite six months of futile exertions. It is the quality of time spent with those facing criminal sanctions in our society, rather than the quantity.

The members of this Court, having been trial judges, elected prosecutors, or otherwise having previously performed their ethical duties in their representation of indigent defendants, fully appreciate the problems facing dockets in this State, particularly in misdemeanor cases. Notwithstanding this fact, we cannot permit the Sixth Amendment right to counsel take a backseat to a fast expedient way of clearing our dockets.

For the above reasons, I cannot join in the affirmance of the judgment in this case.