David Paul McINTOSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0226–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 28, 1985.

---

1. *E.g.,* exemption from forced sale and partition, under Tex.Const.Ann. art. 16, § 50, *et seq.* (Supp.1985).

Ronnie G. Harrison, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Karen Zellars, Lynn McClellan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, DUGGAN and HOYT, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of aggravated kidnapping and robbery and assessed punishment of thirty-seven and five years confinement, respectively. Appellant brings four grounds of error alleging that the trial court erred in: (1) entering a void cumulation order, (2) submitting a funda-

mentally defective jury charge, (3) denying appellant's requested jury instruction to limit the jury's consideration of a witness' testimony, and (4) denying appellant's motion to withdraw enhancement allegations from the jury's consideration. We affirm.

On June 18, 1983, appellant escaped from the Sugarland Unit of the Texas Department of Corrections. Two days later, appellant and another escaped inmate abducted the complainant as she entered her automobile. The complainant testified that appellant's accomplice held a metal object to her throat and forced her into the automobile. The appellant drove the car around Harris County for more than six hours while making periodic stops for gas, to make phone calls, and to purchase clothing. The complainant was at various times bound, gagged, blindfolded, and placed in the rear seat of the automobile. Appellant and his cohort eventually abandoned the car, leaving the complainant bound and gagged in the automobile. Appellant was apprehended shortly thereafter.

In his second ground of error, appellant contends that the trial court submitted a fundamentally defective jury charge on aggravated kidnapping which omitted the phrase "with the intent to prevent his [sic] liberation" from the application paragraph.

The charge to the jury on aggravated kidnapping contained instructions authorizing conviction if appellant acted alone or if appellant was a party to the offense. The charge on appellant's individual culpability read as follows:

The defendant, David Paul McIntosh, stands charged by indictment with the offense of aggravated kidnapping, alleged to have been committed in Harris County, Texas, on or about the 20th day of June, A.D., 1983. To this charge the defendant has pleaded not guilty.

A person commits the offense of kidnapping if he intentionally or knowingly abducts another person. The offense becomes aggravated kidnapping if he does so with the intent to facilitate the com-

mission of a felony or the flight after the attempt or commission of a felony.

So that you may better understand the nature of the offense with which the defendant is charged, I now define certain terms and words.

"Abduct" means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found.

"Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by force, intimidation, or deception.

A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody. An offense under this section is a felony if the actor is confined in a penal institution.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Following the definitional section, the court concluded its charge on aggravated kidnapping by applying the law to the facts:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, David Paul McIntosh, in Harris County, Texas, on or about the 20th day of June, A.D., 1983, did then and there unlawfully, intentionally or knowingly restrain Jo Ann Pollack hereafter styled the Complainant, by secreting and holding the Complainant in a place where she was not likely to be found, with intent to facilitate flight after the attempt and commission of the felony of escape, you will find the defendant guilty of aggravated kidnapping.

The offense of aggravated kidnapping is set out in section 20.04 of the Penal Code which provides:

"A person commits an offense if he intentionally or knowingly *abducts* another person with the intent to:

\* \* \* \* \* \*

(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony;

Tex.Penal Code Ann. sec. 20.04 (Vernon 1974) (emphasis added). The term "abduction" is defined in section 20.01:

"Abduct" means *to restrain a person with intent to prevent his liberation by:*

(A) secreting or holding him in a place where he is not likely to be found ...

Tex.Penal Code Ann. sec. 20.01(2) (Vernon 1974) (emphasis added).

The application paragraph in this case did not use the term "abduct," but instead attempted to set out the elements of abduction. That portion, however, omitted a sub-element of the term abduction: intent to prevent liberation.

The appellant asserts that this omission resulted in fundamental error and that we are compelled by the decisions in *Evans v. State,* 606 S.W.2d 880 (Tex.Crim.App.1980), and *Hill v. State,* 640 S.W.2d 879 (Tex. Crim.App.1982), to order a new trial of this case. Appellant further argues that our review for fundamental error must be confined to the language contained in the paragraph applying the laws to the facts.

The Court of Criminal Appeals has created a considerable body of jurisprudence analyzing fundamental error in jury charges. Recent cases illustrate that the court is divided on the issue of how to properly analyze fundamental error cases. *See e.g., Gordon v. State,* —— S.W.2d —— No. 213–83 (Tex.Crim.App., Sept. 19, 1984) (not yet reported); *Hill* and *Evans, supra;*

*Williams v. State,* 622 S.W.2d 95 (Tex. Crim.App.1981). *See also* McCormick, Convery & Ramirez, *Fundamental Defect in Appellate Review of Error in the Texas Jury Charge,* 15 St. Mary's L.J. 827 (1984). At this juncture, however, the majority of the court has dictated that reviewing courts examine the application paragraph and not the charge as a whole, to determine whether an "essential element" has been omitted rendering the charge fundamentally defective. *Gordon v. State, supra. See also Lewis v. State,* 656 S.W.2d 472, 474 (Tex.Crim.App.1983); *Escort v. State,* 621 S.W.2d 608, 609 (Tex.Crim.App. 1981); *Thomas v. State,* 587 S.W.2d 707, 708 (Tex.Crim.App.1979); *Jones v. State,* 576 S.W.2d 393, 394 (Tex.Crim.App.1979); *Bradley v. State,* 560 S.W.2d 650, 652 (Tex. Crim.App.1978); *Harris v. State,* 522 S.W.2d 199, 202 (Tex.Crim.App.1975).

In *Woods v. State,* 653 S.W.2d 1 (Tex. Crim.App.1982), the Court of Criminal Appeals adopted a novel approach for analyzing allegedly fundamentally defective aggravated robbery charges. The Court overruled its decisions in *Evans* and *Hill* and adopted Judge Clinton's dissenting opinion in *Hill.* There, Judge Clinton concluded that a taking is *always* "without the owner's effective consent" when it is *alleged and proven* that the owner was threatened or placed in fear of imminent bodily injury. *Hill,* 640 S.W.2d at 885 (Clinton, J., dissenting). Judge Clinton concluded that there was no defect, fundamental or otherwise, in the aggravated robbery charge presented. *Id.*

The *Woods* decision, however, must be contrasted with the court's earlier decision in *Carpenter v. State,* 551 S.W.2d 724 (Tex. Crim.App.1977). In that case, the court reversed an aggravated kidnapping conviction on the ground that the indictment was fundamentally defective. The court held:

> Although the indictment does allege that appellant restrained the complainant by secreting and holding her in a place where she was not likely to be found, it fails to allege *an essential element of abduction—that appellant intended to* *prevent the liberation of the complainant.* By omitting this element, the State has failed to allege the offense of aggravated kidnapping.

*Id.* at 726 (emphasis added). The *Carpenter* court also noted that the Penal Code makes *abduction* felonious conduct, while *restraint* is generally condemned a misdemeanor by the false imprisonment statute. *Id.* at 725.

We must, therefore, determine whether the logic of the *Woods* decision controls the disposition of this case and impliedly overrules *Carpenter.* To do so, we are required to analyze the applicable statutory provisions and the language contained in the application paragraph of the charge.

"Restraint" means restriction of a person's movement without his consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Tex.Penal Code Ann. sec. 20.01(1) (Vernon 1974). "Abduction" is accomplished either by "restraining" a person and secreting or holding him where he is not likely to be found or by "restraining" a person and using or threatening to use deadly force. Tex.Penal Code Ann. secs. 20.01(2)(A) and (B) (Vernon 1974). It is inconceivable that one could "restrain" another, by secreting or holding him in a place where he was not likely to be found or by using or threatening to use deadly force, without an intent to prevent the liberation of that person. *Cf. Carpenter,* 551 S.W.2d at 727 (Douglas, J., dissenting). We conclude that it was not fundamental error to omit the phrase "with intent to prevent liberation" from the application paragraph since the charge required proof of "restraint" by secreting or holding the complainant in a place where she was not likely to be found.

Appellant's second ground of error is overruled.

Appellant argues in his first ground of error that the cumulation order is void for lack of specificity. The cumulation orders, included in both the aggravated kidnapping and robbery judgments, are identical and read as follows:

The court ordered that this Sentence is to begin when the Sentence in cause number 306978 in the 185th District Court, entitled, THE STATE OF TEXAS VS. DAVID PAUL MCINTOSH, has ceased to be operative.

 It is settled law that cumulation orders must be specific enough to guide corrections officials in executing sentences. *Ex parte Lewis,* 414 S.W.2d 682, 683 (Tex. Crim.App.1967). The court in *Ward v. State,* 523 S.W.2d 681 (Tex.Crim.App.1975), recommended that the following information be contained in a cumulation order:

(1) The trial court number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction, and

(5) the nature of the prior conviction.

*Ward,* 523 S.W.2d at 683.

 The cumulation orders here merely set out the first two recommended pieces of information: the cause number and the court of conviction. They also state the name used in appellant's prior conviction. Cumulation orders containing only cause numbers and courts, however, have historically been upheld by Texas courts. *See Ex parte McClain,* 161 Tex.Cr.R. 400, 278 S.W.2d 140 (1955); *Ex parte Bell,* 160 Tex. Cr.R. 490, 272 S.W.2d 530 (1954); *Ex parte Collier,* 156 Tex.Cr.R. 377, 243 S.W.2d 177 (1951).

 Appellant next contends that the cumulation order is void because it conflicts with a recitation in the judgment stating that the sentence is to begin on June 20, 1983. A review of the record pertinent to the sentence shows that the recitation that the sentence was to begin on June 20, 1983 is a clerical error. Immediately following the jury's verdict on punishment, the court sentenced the appellant to not less than 5 nor more than 37 years imprisonment. The court then specifically ordered that the sentence pronounced run concurrently with a robbery conviction tried simultaneously with the kidnapping case. Immediately thereafter, and during the same hearing, the court granted the state's motion to require appellant to serve the kidnapping sentence after serving the sentence assessed against appellant in cause number 306,978 in the 185th District Court. The court never ordered that the sentence would begin on June 20, 1983, nor was that possibility even mentioned by the court or lawyers.

Appellant's first ground of error is overruled.

Appellant next complains that the trial court committed reversible error by denying appellant's requested jury instruction to limit the jury's consideration of testimony regarding allegedly "extraneous offenses."

The complained of testimony was elicited from Warden Howard Ray Mitchell. Warden Mitchell testified on direct examination that he had care, custody, and control of appellant, a "convicted felon," at the Central Unit of the Texas Department of Corrections. Warden Mitchell further testified that TDC records revealed that on June 19, 1983, appellant was no longer in the Central Unit. Warden Mitchell personally went to Pasadena, Texas, to retrieve appellant after his escape.

Counsel for appellant made the following objection to the charge:

[W]e would once again reurge ... a limiting instruction as to the ... jury's use of the element of escape and that that limiting instruction ... be limited to their ... to aiding the jury in their deliberation on aggravated kidnapping and thereby insure that the jury is instructed that they are not to consider it for any other purpose so that the Defendant would not be ... unduly prejudiced by the Court's description of another offense that he is not charged with in this County.

The indictment in this cause alleged that appellant restrained the complainant, with intent to prevent her liberation, by secreting and holding her in a place she was not

likely to be found "and with intent to facilitate flight after the attempt and commission of the felony of escape."

 An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is *not* shown in the charging paper, and which is shown to have been committed by the accused. *Gomez v. State*, 626 S.W.2d 113, 114 (Tex. App.—Corpus Christi 1981, pet. ref'd). By definition, extraneous offenses are "extra, beyond or foreign to the offense for which the party is on trial." *Ridinger v. State*, 146 Tex.Cr.R. 286, 174 S.W.2d 319, 320 (1943).

■ Appellant's incarceration and subsequent escape related directly to the offense of aggravated kidnapping. Thus, no limiting instruction was necessary. *See Arivette v. State*, 513 S.W.2d 857, 864 (Tex. Crim.App.1974).

Appellant's third ground of error is overruled.

Appellant alleges in his last ground of error that the trial court erred in denying his motion to withdraw enhancement allegations from the jury's consideration. Appellant argues that the motion should have been granted because he received ineffective assistance of counsel in the case referred to in the enhancement paragraph of the indictment.

■ Appellant cites no authority, nor can we find any, holding that a prior judgment may be collaterally attacked on the ground of ineffective assistance of counsel in motions challenging enhancement allegations in subsequent suits. Clearly, the proper procedure for collaterally attacking a prior judgment on ineffective assistance of counsel grounds is through writ of habeas corpus. *See Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim.App.1980).

Appellant's fourth ground of error is overruled.

Affirmed.

HOYT, Justice, dissenting opinion

I respectfully disagree with the majority regarding their holding on appellant's second ground of error which I believe is dispositive in this case. The reasoning and holding in *Carpenter v. State*, 551 S.W.2d 724 (Tex.Crim.App.1977), and *Gordon v. State*, 689 S.W.2d 434 (Tex.Crim.App., 1984), are still the law.

An alleged fundamentally defective charge requires proof of a two-pronged nature: first, the omission of an "essential element," and second, the omission of that element from the application paragraph. *Gordon, supra.* In *Carpenter*, the court addressed the identical question and concluded that the phrase, "with intent to prevent liberation," was not only an "essential element," but also, its omission was fundamental error. A jury cannot be allowed to infer that the appellant intended to prevent liberation because that element must be proved "beyond a reasonable doubt." Appellant's second ground of error should be sustained, and the judgment reversed.