German v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-192-CR

     VAN ELDON GERMAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 21,909-272
                                                                                                    

OPINION ON MOTION FOR REHEARING
                                                                                                    

      Following this court's reversal and remand for resentencing, the State filed a motion for
rehearing. We will deny the motion, but write briefly regarding two of the points presented.
      In its first point the State argues that "a direct appeal is not the proper vehicle for claiming
ineffective assistance of counsel in a prior conviction used for enhancement purposes," citing
McIntosh v. State, 686 S.W.2d 759 (Tex. App.— Houston [1st Dist.] 1985, no pet.), and Shipley
v. State, 828 S.W.2d 475 (Tex. App.—El Paso 1992, pet. ref'd). We held that, under Galloway,
German could—by direct appeal—invoke the review of his collateral attack on a prior conviction. 
See Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). 
      In Shipley, the El Paso court of appeals paid lip service to Galloway, noting that a direct
appeal is a permissible method for review of a collateral attack on a prior void conviction, but then
stated that the proper vehicle for an ineffective assistance claim is habeas corpus (citing McIntosh). 
The court reasoned that only if counsel's representation was "so deficient to amount to absolutely
no assistance of counsel" could he prove a constitutional flaw allowing collateral attack. Shipley,
828 S.W.2d at 478. Because the right to effective assistance of counsel, not just counsel, is
guaranteed by both the United States and Texas constitutions, we cannot accept the Shipley court's
rationale for refusing to review the appellant's claim. 
      The court in McIntosh, also ignoring Galloway, summarily dismissed without discussion the
availability of collateral attack, stating that "[c]learly, the proper procedure for collaterally
attacking a prior judgment on ineffective assistance of counsel grounds is through writ of habeas
corpus." McIntosh, 686 S.W.2d at 764 (citing Ex parte Duffy, 607 S.W.2d 507, 513 (Tex. Crim.
App. 1980)). The McIntosh court and the State misread Duffy. A reading of the entire opinion
reveals an acknowledgment by the Court of Criminal Appeals that "in most instances where the
claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a
shape . . . [and] collateral attack may be just the vehicle by which a thorough and detailed
examination of alleged ineffectiveness may be developed and spread upon a record." Duffy, 607
S.W.2d at 513. Duffy sanctioned the use of a collateral attack. Id. 
      Although German's appeal is a direct appeal from an aggravated-assault conviction, it
encompasses a review of his collateral attack on his prior burglary conviction—the proceeding in
which he alleges that ineffective assistance was rendered. Just as a record of ineffective assistance
is developed in a habeas proceeding, the record developed in German's aggravated-assault
proceeding established his claim of ineffective assistance in the prior burglary case. Therefore,
not only does Court of Criminal Appeals precedent authorize a collateral attack based on
ineffective assistance of counsel, but the practical considerations of Duffy do not apply in this case. 
See Galloway, 578 S.W.2d 142; Duffy, 607 S.W.2d 507. 
      The State, in its fourth point, argues that the standard of review set forth in Meraz is not the
correct standard for review of a claim of ineffective assistance of counsel. See Meraz v. State, 785
S.W.2d 146, 155 (Tex. 1990). The State argues that, because Meraz addresses only the review
of an "affirmative defense or other fact issue," it cannot apply when the court is faced with a
mixed question of law and fact, which is how the ineffective assistance issue has been treated. See
Jackson v. State, 766 S.W.2d 504 (Tex. Crim. App. 1985).
      The Court of Criminal Appeals has recognized the danger of applying only the Jackson
standard of review when an appellant, the defendant below, had raised a defensive issue such as
insanity or incompetency. See Van Gilder v. State, 709 S.W.2d 178 (Tex. Crim. App. 1985);
Combs v. State, 643 S.W.2d 709, 716 n. 1 (Tex. Cr. App. 1982). The court has honed the
standard of review until finally creating and implementing the Meraz standard. See Meraz, 785
S.W.2d at 155. We believe that the reasons which the court gave for holding that Jackson does
not apply to an "affirmative defenses or other fact issue where the law has designated that the
defendant has the burden of proof by a preponderance of the evidence" must also apply to review
of a claim of ineffective assistance of counsel. Even though ineffective assistance of counsel is
a mixed question of law and fact, it is an issue upon which the law has placed the burden of proof
by a preponderance of the evidence on the defendant. Thus, we applied Meraz. See id.       Having considered the preceding points and all others presented and finding them without merit,
we deny the State's motion for rehearing.
 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for Rehearing Denied
Opinion delivered and filed August 2, 1995
Do not publish