TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00543-CR






Brian Roosevelt Key, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,425, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Appellant Brian Roosevelt Key was convicted of the offense of aggravated robbery. See
Tex. Penal Code Ann. § 29.03 (West 1994). The jury assessed appellant's punishment at imprisonment
for life. Seven points of error are presented for review in which it is asserted that: (1) during jury voir dire,
the burden of proof was shifted from the State to appellant; (2) the prosecutor commented on appellant's
failure to testify; (3) appellant did not receive effective assistance of counsel; and (4) appellant was denied
a fair trial because of the postsentence investigation report that was filed. We will overrule appellant's
points of error and affirm the trial court's judgment.

 Francisco Torres, the seventeen-year-old victim of the robbery, had attended the same
school with appellant and had known appellant for about one and one-half years. In the evening of April
23, 1996, both young men participated in a rap session at a third party's house. Torres left the rap session
and went to his girlfriend's house, but she was not home so he started toward his house. On his way home,
Torres intended to cross a creek by walking on a water pipe that bridged the creek bed. At about 9:30
p.m. when Torres approached the crossing, appellant appeared, placed a gun next to Torres's head,
threatened him, and demanded that Torres give him the Air Jordan Nike shoes Torres was wearing. 
Appellant took thirty dollars and the Air Jordan Nike shoes from Torres. Torres did not complain to
officers about the robbery until six days later, on April 29. Torres explained his delay in reporting the
robbery was because of fear that appellant would carry out threats that he would kill Torres or Torres's
mother, brother, or sister. At trial, a shoe box that officers had obtained from Torres was admitted in
evidence. Numbers on that box matched numbers on the Air Jordan Nike shoes that appellant possessed
when he was arrested.

 In appellant's first point of error, he contends that during jury voir dire the trial court,
prosecutor, and defense counsel impermissibly shifted the burden of proof to appellant. In support of his
contention, appellant quotes statements made by the court and counsel. During jury voir dire, the trial court
said, ". . . this is a criminal action which will be to decide the guilt or innocence of the defendant, and the
punishment, if any, of the defendant." The criticized statement of the prosecutor was that: "[T]hey get to
choose the witnesses . . . because they pick the victim . . . [T]he defendant gets to choose . . . the
circumstances . . . We bring the evidence that happens from what the defendant does." Defense counsel's
complained of statement was that, "you can't decide punishment unless you determine guilt or innocence." 
Appellant argues: "The only thing a jury determines is whether the State proves each and every element
of the offense beyond a reasonable doubt. If the State fails, the presumption of innocence alone acquits
the defendant; there is no deciding that he is innocent." There were no trial objections such as are
necessary to preserve the claimed error, if any, for appellate review. See Tex. R. App. P. 52 (in effect
when notice of appeal was filed; now see Tex. R. App. P. 33.1); Ippert v. State, 908 S.W.2d 217, 219
(Tex. Crim. App. 1995); Long v. State, 823 S.W.2d 259, 275 (Tex. Crim. App. 1991). Moreover, we
conclude that appellant's criticism of these statements is hypercritical and without merit. Appellant's first
point of error is overruled.

 In his second point of error, appellant complains that the prosecutor in jury argument
"shifted the burden of proof by commenting on appellant's failure to testify." A prosecutor is prohibited,
by constitutional and statutory provisions, from commenting on a defendant's failure to testify. U.S. Const.
amends. V, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 1997). 
However, the State urges that appellant did not object and, therefore, he failed to preserve for appellate
review the error of which he complains. In order to preserve a complaint for appellate review, a party must
have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the
ruling he desired the court to make if the specific grounds were not apparent from the context. Tex. R.
App. P. 52(a). (in effect when notice of appeal was filed; now see Tex. R. App. P. 33.1(a)). It is also
necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion. Id.

 Here the prosecutor argued, "I want to take a minute and talk to you about Francisco
Torres because what this boils down to; either you're going to believe him or you're not, because the
defense offered no evidence to the contrary that this didn't take place. So, either you believe Francisco
Torres or you don't." The thrust of the prosecutor's argument was directed toward Torres's credibility. 
The prosecutor's concern may have been with Torres's delayed report of the robbery and his accusation
of appellant. The prosecutor's argument was not a direct reference to appellant's failure to testify. 
Because appellant made no objection, the error, if any, presented in this point of error is not properly
before us for review. See Cockrell v. State, 933 S.W.2d 73, 88-89 (Tex. Crim. App. 1996); Garcia
v. State, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994); Espinosa v. State, 843 S.W.2d 729, 730-31
(Tex. App.--Austin 1992, pet. ref'd). We overrule appellant's second point of error.

 In three points of error, appellant complains that he did not receive effective assistance of
counsel at the guilt-innocence phase of the trial. To show ineffective assistance of counsel, appellant must
show that: (1) trial counsel's performance was deficient, in that counsel made such serious errors that he
was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139
(Tex. App.--Austin 1992, pet. ref'd). Counsel's performance is to be judged by the "totality of
representation" provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim.
App. 1986). In deciding an ineffective-assistance claim, this Court must judge the reasonableness of
counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's
conduct--not by hindsight. We must then determine, in light of all the circumstances, whether the acts or
omissions are outside the wide range of professionally competent assistance. See Strickland, 466 U.S.
at 690. Appellant bears a heavy burden to prove an ineffective-assistance claim. Counsel is strongly
presumed to have provided adequate assistance and to have made all significant decisions in the exercise
of reasonable professional judgment. Id. We must not look at the errors of counsel in a vacuum. As a
general rule, isolated instances in the record reflecting errors of omission or commission do not necessarily
render counsel's representation ineffective. See McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim.
App. 1992); Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd). In
determining whether appellant had ineffective assistance of counsel, an appellate court must make an
independent judgment based on mixed questions of law and fact. Id.

 In his third point of error, appellant faults trial counsel for failing to object when the State
asked its witnesses leading questions on direct-examination. Appellant complains that of the ninety-four
questions the State asked of the complainant, twenty-five were leading questions asked without objection. 
The State points out that some of these questions simply were not leading. Courts seldom reverse
judgments of conviction because of a prosecutor's leading questions. See Brown v. State, 640 S.W.2d
275, 279 (Tex. Crim. App. 1982); Caverly v. State, 511 S.W.2d 60, 63-4 (Tex. Crim. App. 1974). The
unobjected-to leading questions about which appellant complains may have been objectionable, as to form,
but they did not elicit otherwise inadmissible evidence. As a matter of strategy, defense counsel may have
allowed the questions without objection, in order for the trial to move more rapidly and so that the State
would not dwell at greater length on hurtful facts that would have been shown inevitably by questions in
proper form. Trial counsel vigorously cross-examined the complainant. We conclude appellant has failed
to show trial counsel's errors were so serious that he was not functioning effectively as counsel or that
appellant's defense was prejudiced to the degree that he was deprived of a fair trial. We reject appellant's
argument that trial counsel did nothing right, "like a ship sailing through the fog, its captain asleep at the
helm, unable to dodge the icebergs."

 Next, in point four, it is asserted that trial counsel was ineffective because he failed to object
to extraneous offense testimony surrounding appellant's arrest on an unrelated offense. Appellant argues
that not only did trial counsel fail to object, he emphasized some of the evidence to which he should have
objected. During the afternoon on April 24, 1996, in connection with another offense, police officers
stopped a car in which appellant was a passenger. A weapon was found under the seat where appellant
had been sitting. Appellant was arrested and the shoes he was wearing were later released by the police
to Torres. At trial, Torres identified these shoes as his Air Jordan Nike shoes. Torres also identified the
weapon police found under appellant's seat as the gun used by appellant in the robbery. Evidence that
appellant possessed the shoes and the weapon the day after the robbery was relevant and admissible. See
Tex. R. Crim. Evid. 401, 402. The nature and details of the extraneous offense, another robbery for which
appellant was arrested, were not offered and not admitted in evidence during the guilt-innocence phase of
the trial.

 The State's case rested on Torres's testimony and appellant's possession of Torres's shoes
the day after the alleged robbery. Trial counsel's defense strategy appears to have been to cast doubt on
Torres's testimony by the delay in his reporting the robbery and by attempting to account for appellant's
possession of the shoes by some means other than robbery. The record shows that trial counsel was
defending a client he did not believe should testify, even at the punishment phase of the trial. Trial counsel's
defense strategy, advanced through cross-examination and unaided by appellant's testimony, was
calculated to create doubt in the jurors' minds that the alleged robbery had occurred. Trial counsel sought
to imply that Torres had sold his shoes to appellant and that after Torres found out that appellant had been
arrested and was in jail, Torres made a delayed accusation that appellant had robbed him to account for
the loss of the nearly new, expensive shoes. In jury argument, trial counsel alluded to another scenario,
which is disparaged by appellant, that appellant might have won the shoes in a dice game when the young
men were at the rap session. Whether or not it was well conceived and a consistent strategy, trial counsel
tried to create doubt in the jurors' minds that appellant acquired the shoes by robbery. Viewed from
hindsight, trial counsel's strategy was not successful, but considering the facts of this particular case,
counsel's strategy and efforts should not brand counsel as incompetent. See Williams v. State, 513
S.W.2d 54, 57 (Tex. Crim. App. 1974); Curtis v. State, 500 S.W.2d 478, 481-82 (Tex. Crim. App.
1973). Counsel is strongly presumed to have provided adequate assistance and to have made all significant
decisions in the exercise of reasonable professional judgment. See Strickland, 366 U.S. at 690. We
conclude that appellant has not met his heavy burden in proving trial counsel's strategy rendered his
representation ineffective.

 In his sixth point of error, appellant contends that: "Trial counsel provided ineffective
assistance of counsel after judgment and sentence, thereby precluding enquiry into the basis of his errors
and omissions at trial." Appellant insists that he "had no opportunity to make a record of trial counsel's
reasons for failing to file pretrial motions, failing to conduct an adequate voir dire, failing to attempt to
exclude the extraneous offense, failing to review complainant's statement to police, failing to object to
leading questions, propounding a new theory of the closing argument, etc." Immediately after trial, the trial
court appointed trial counsel to represent appellant on appeal. After the time for filing a motion for new
trial passed, the trial court allowed trial counsel to withdraw and appointed counsel who now represents
appellant on appeal. Citing Garza v. State, 931 S.W.2d 560 (Tex. Crim. App. 1996) and Port v. State,
798 S.W.2d 839, 846-47 (Tex. App.--Austin 1990, pet. ref'd), appellant concludes that abatement of
the appeal to provide for a hearing of an out-of-time motion for new trial is not a remedy available to him. 
Therefore, appellant argues he is relegated to the contention that "trial counsel was constitutionally
ineffective for remaining on his case and not causing an appellate record to be made concerning the basis
of his errors and omissions at trial." We understand appellant's complaint to be that he has been deprived
of an opportunity to develop a record to show the claimed deficiencies of trial counsel. However, we
cannot engage in speculation on appellant's claims. We cannot properly consider appellant's contentions
as the record now stands. Appellant has an adequate post-conviction remedy. See Tex. Code Crim. Proc.
Ann. art. 11.07 (West Supp. 1997). If appellant wants to pursue the matter raised by this point of error,
he may properly and more appropriately do so by a post-conviction writ of habeas corpus. See, e.g., Ex
parte Walker, 777 S.W.2d 427 (Tex. Crim. App. 1989); Bowler v. State, 822 S.W.2d 334, 335 (Tex.
App--San Antonio 1992, pet. ref'd); McIntosh v. State, 686 S.W.2d 759, 764 (Tex. App.--Houston
[1st Dist.] 1985, no pet.).

 We have considered appellant's claims and argument and we have examined the record
in light of the applicable law and conclude that trial counsel's representation of appellant at the guilt-innocence phase of the trial was well within the standard required by Strickland. Appellant's third, fourth,
and sixth points of error are overruled.

 Appellant's fifth point of error concerns his contention that he did not receive effective
assistance of counsel at the punishment phase of trial. Appellant raises two separate matters asserting that
trial counsel failed to make a record of possible jury misconduct relating to punishment and also that trial
counsel failed to prepare for the punishment phase of trial. The standard for determining effective
assistance of counsel at the punishment phase of trial in a non-capital case is "counsel reasonably likely to
render and rendering effective assistance of counsel." Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim.
App. 1997); Duffy v. State, 607 S.W.2d 507, 514 (Tex. Crim. App. 1980). In applying this test, the
court will examine the totality of counsel's representation. See Ex parte Walker, 777 S.W.2d at 431; Ex
parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987).

 During deliberation at the punishment phase of trial, the jury sent a note to the trial judge
asking for "clarification on good conduct time in relation to parole eligibility." Appellant contends this jury
inquiry should have put trial counsel on notice that the jury improperly considered parole and good conduct
time. Appellant argues that: "Counsel had an obligation to his client to contact jurors, and attempt to
ascertain whether or not improper discussions as to parole were held during deliberation on punishment. 
There is no indication as to whether counsel contacted jurors, but if he did, no attempt was made to make
the necessary record for appeal." Appellant's contention and argument are based on speculation. If
counsel did contact jurors after the trial and found no evidence of improper consideration of parole and
good conduct time, there would have been no reason to make a record of his investigation. Appellant's
point and argument based on mere speculation are without merit.

 At the punishment phase of trial, the State offered evidence of appellant's prior criminal
record. Evidence was offered to show that appellant had been adjudged delinquent because he committed
the offense of aggravated assault with a firearm while a juvenile. Also, evidence was admitted showing
appellant had been placed on probation after he pled guilty to the offense of possessing cocaine. In
addition, the State offered evidence of an extraneous offense of aggravated robbery committed the day
after the instant offense. The evidence of the extraneous offense showed appellant had committed another
aggravated robbery with a firearm.

 Appellant claims trial counsel demonstrated his unpreparedness by (1) showing surprise
and a lack of knowledge that extraneous offense evidence was admissible at the punishment phase of trial,
(2) failing to vigorously cross-examine and impeach the extraneous offense victim, an alleged drug dealer,
and (3) failing to call expert witnesses to "develop testimony concerning appellant's psychological
deficiencies." Portions of the record that appellant says shows counsel's surprise and lack of knowledge
of the admissibility of extraneous offenses may be interpreted as trial counsel's effort to persuade the trial
court to exercise its discretion to exclude the extraneous offense evidence. Counsel may have reasonably
believed that more vigorous cross-examination or an attempt to impeach the witness would more indelibly
impress upon the jurors the evidence they had already heard. Also, there is little evidence in the record to
indicate that the calling of expert witnesses would have developed favorable testimony concerning
appellant's "psychological deficiencies." This contention that expert witnesses would have benefitted
appellant's defense is, in view of the record, conjecture.

 We must consider the trial counsel's representation as a whole. Appellant testified at the
punishment phase of trial against trial counsel's advice. However, counsel guided appellant's testimony to
present it in the best light possible. Counsel attempted to show that appellant had been employed and had
a work record. Appellant testified that he did not commit the extraneous robbery offense. He testified that
on that occasion he had purchased marihuana from the victim. Appellant also testified that he had
purchased the pager and other property he allegedly obtained in the robbery. Appellant apparently
believed that his admission of purchasing marihuana, a lesser criminal offense, would lend credibility to his
denial of the robbery. To counter testimony of his failure to take advantage of rehabilitation measures when
he was adjudicated a delinquent and granted probation, appellant blamed his mother for not administering
the proper medications. Concerning the instant offense, appellant testified he had purchased the Air Jordan
Nike shoes from Torres; he had paid Torres seventy-five of the agreed price of ninety dollars. Appellant
implied that Torres needed to explain why he no longer had his nearly new Air Jordan Nike shoes; after
learning appellant was in jail, Torres reported to officers that six days earlier appellant robbed him and took
his shoes. Considering the totality of trial counsel's representation at the punishment phase of trial, we hold
that trial counsel met the test of "counsel reasonably likely to render and rendering effective assistance of
counsel" as required by Duffy. We overrule appellant's fifth point of error.

 In his seventh point of error, appellant urges that: "The State vitiated appellant's right to
a fundamentally [fair] trial when it caused to be prepared a fifty-two page postsentence investigation entirely
addressing the extraneous offense and not the offense for which appellant stood trial." The State did not
cause the postsentence report to be prepared. The trial court is required by statute to have presentence
or postsentence reports prepared. A trial judge shall direct a supervision officer to prepare a postsentence
report containing the same information that would have been required for a presentence report, if a
presentence report was not required. The report shall be filed in the papers of the case. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 9(k) (West Supp. 1997). A presentence report was not required in this
case because appellant's punishment was assessed by the jury. See Tex. Code Crim. Proc. Ann. art.
42.12, § 9(g)(1) (West Supp. 1997). In ordering a presentence or postsentence report, the trial judge shall
direct a supervision officer to report to the judge in writing the circumstances of the offense with which the
defendant is charged, the amount of restitution necessary to adequately compensate the victim of the
offense, the criminal social history of the defendant, and any other information the judge shall request
relating to the defendant or the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (West Supp.
1997). When a defendant is transferred to the institutional division of the Department of Criminal Justice,
a copy of a presentence or postsentence investigation report shall be delivered to the director of the
institutional division. Tex. Code Crim. Proc. Ann. art. 42.12, § 8(a)(10) (West Supp. 1997). The Code
of Criminal Procedure provides for a remedy in the trial court to correct inaccuracies in a postsentence
investigation report. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(e) (West Supp. 1997). The
preparation and filing of the postsentence report about which appellant complains had no bearing on the
fairness of his trial and it is not reviewable in this appeal. Appellant's seventh point of error is overruled.

 The judgment of the trial court is affirmed.



 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*


Affirmed


Filed: October 16, 1997


Do Not Publish



















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



e of rehabilitation measures when
he was adjudicated a delinquent and granted probation, appellant blamed his mother for not administering
the proper medications. Concerning the instant offense, appellant testified he had purchased the Air Jordan
Nike shoes from Torres; he had paid Torres seventy-five of the agreed price of ninety dollars. Appellant
implied that Torres needed to explain why he no longer had his nearly new Air Jordan Nike shoes; after
learning appellant was in jail, Torres reported to officers that six days earlier appellant robbed him and took
his shoes. Considering the totality of trial counsel's representation at the punishment phase of trial, we hold
that trial counsel met the test of "counsel reasonably likely to render and rendering effective assistance of
counsel" as required by Duffy. We overrule appellant's fifth point of error.

 In his seventh point of error, appellant urges that: "The State vitiated appellant's right to
a fundamentally [fair] trial when it caused to be prepared a fifty-two page postsentence investigation entirely
addressing the extraneous offense and not the offense for which appellant stood trial." The State did not
cause the postsentence report to be prepared. The trial court is required by statute to have presentence
or postsentence reports prepared. A trial judge shall direct a supervision officer to prepare a postsentence
report containing the same information that would have been required for a presentence report, if a
presentence report was not required. The report shall be filed in the papers of the case. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 9(k) (West Supp. 1997). A presentence report was not required in this
case because appellant's punishment was assessed by the jury. See Tex. Code Crim. Proc. Ann. art.
42.12, § 9(g)(1) (West Supp. 1997). In ordering a presentence or postsentence report, the trial judge shall
direct a supervision officer to report to the judge in writing the circumstances of the offense with which the
defendant is charged, the amount of restitution necessary to adequately compensate the victim of the
offense, the criminal social history of the defendant, and any other information the judge shall request
relating to the defendant or the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (West Supp.
1997). When a defendant is transferred to the institutional division of the Department of Criminal Justice,
a copy of a presentence or postsentence investigation report shall be delivered to the director of the
institutional division. Tex. Code Crim. Proc. Ann. art. 42.12, § 8(a)(10) (West Supp. 1997). The Code
of Criminal Procedure provides for a remedy in the trial court to correct ina